## JACOB B. REID AND ANOTHER v. JAMES W. ALLEN AND OTHERS.

In a suit on a promissory note given for the purchase money of real property of minors, sold by order of the Probate Court, a plea which set up a verbal agreement, upon valuable consideration enuring to the benefit of the minors, between the guardians and the purchaser, one of the payors in the note, that the payment of the note should not be demande d until one of the minors should marry or arrive at full age, was held to be bad, on the ground that it proposed to vary the written contract by evidence of a verbal understanding

Reid v. Allen.

between the parties, at the time of making it, different from that which the writing expressed.

See this case for allegations which were held to disclose no want of power in the Probate Court to order and confirm a sale of real estate belonging to minors, and no ground for rescinding the contract, or resisting the payment of the purchase money.

It is more regular to permit an amended answer to be filed, before sustaining exceptions to it ; but where such answer, if admitted, presents no defence, the refusal of the Court to permit it to be filed, is an irregularity for which the judgment will not be reversed.

The refusal of the Court to give further time to the defendants to amend their answer is not error, for two reasons. In the first place, it does not appear that they had any valid defence to plead by way of amendment; and, moreover, the application to delay the trial to give further time for amendment, was addressed to the sound discretion of the Court. It is the right of a party to amend his pleadings, subject only to the qualification that the amendment be proper in itself and in time. But it is necessarily subject to this qualification.

Appeal from Victoria. Tried below before the Hon. Fielding Jones.

Suit by James W. Allen and Ann E. Allen, guardians of James G. Robinson, Frances E. Robinson, William H. Robinson and Thomas A. Robinson, minor heirs of William Robinson, deceased, against Jacob B. Reid and Jesse O. Wheeler, on their promissory note for $2,650, dated January 23rd, 1854, and payable December 5th, 1855, and to foreclose mortgage on land for which said note was given.

The defendant answered by a general demurrer, general denial, and then, that defendant Reid, and the plaintiff Ann, and the minor heirs of William Robinson, being the owner in common of the tract of land in the petition mentioned in the proportion of one-half to said defendant, one-quarter to said Ann, and one quarter to said minor heirs, the Probate Court ordered a sale of the interest of said minor heirs ; that the interest of the said heirs in the said undivided tract of land could not be sold without great sacrifice, nor could the same be sold, together with the interest of Ann E. Allen, without a great loss

both to the heirs and herself. Wherefore it was verbally agreed and stipulated between the said Ann E. Allen, in her own right, and as guardian of said heirs, and the defendant, Jacob B. Reid, that, in consideration that said defendant would agree to sell his interest in the land, in the petition mentioned, upon the terms made by the Probate Court of Victoria county, for the sale of the land of said heirs, the said Ann E. Allen would sell her share also, and if the said defendant Reid should purchase the said tract of land, and would pay to the said Ann E. Allen her share of the proceeds of said sale and two hundred dollars, the rent of the said Ann E. Allen's share of said land, and secure the purchase money of her wards by a mortgage upon the half of the land, so sold, with ten per cent. interest from the day of sale, by giving his note and mortgage, then the said note and mortgage should not be sued on or foreclosed until some of the said wards arrived at majority, or were married. This defendant Reid avers that he was induced to enter into this agreement for two reasons : 1st. That in case this defendant became the purchaser, the time for the payment of the share of the purchase money, due the heirs would be extended for several years after the note became due, and thus he would be enabled to meet the payments with, out a sacrifice of property ; and 2d, that, as the said Ann E. Allen had not sufficiently secured the said heirs in her guardian's bond, the claim of the said heirs would be secured to them beyond a doubt, on their arrival at maturity or marriage. This defendant further avers that, in consequence of said contract and in consideration thereof, relying upon the said promises and stipulations, at the sale of said land, he was induced to purchase the same for $9,800, which was largely, to-wit : $1800 more than he would otherwise have given ; that he paid the said Ann E. Allen $1200, cash in hand, and executed t her his note for $1450, due one year after date, being the same in plaintiff's petition set forth, which also he paid at maturity for the separate use of the said Ann E. Allen, in person, and not as representative of said minors.

Now this defendant avers that, instead of carrying out the said agreement in good faith, after he has performed his portion of the said contract in accordance therewith, the said plaintiff, Ann E. and her husband, James W. Allen, have fraudulently abandoned the same, and seek to compel this defendant to pay the said sum of two thousand six hundred and fifty dollars, which by agreement was secured by said mortgage, and was not to be paid as aforesaid, until some one of the minors arrived at mojority, or married ; and that, too, not for the benefit of the heirs of William Robertson, but for the benefit of said plaintiffs, and the great injury of the heirs.

This defendant avers that he has, in every particular, carried out the contract on his part in good faith, and further, that the institution of this suit, and the collection of the money, in plaintiff's petition mentioned, is a fraud upon this defendant, and, as he believes, upon the said heirs, and in direct violation of said agreement and contract. Wherefore the defendants pray that the said plaintiffs. may be restrained and enjoined from proceeding further in said suit, until some one of said heirs arrives at majority or marries, in accordance with the said contract and for the defendants costs in this suit.

The plaintiffs filed exceptions to the answer, on the ground that it presented no defence, and was not verified by affidavit. These ·exceptions were sustained, and the plaintiffs had judgment.

There was a bill of exceptions as follows :

Be it remembered that, upon this cause coming on to be heard, plaintiff's exceptions to defendants' plea were sustained by the Court, and the defendants' said plea was stricken out, to which ruling defendants excepted. The defendants then offered to file an amended answer which is in the words following :

Now come the defendants by attorney, and, the leave of the Court first being had and obtained, amend their answer, and for answer say, that the said plaintiffs ought not to have and maintain their said action, because they say that a portion of

the land, described in the mortgage and plaintiffs' petition, was owned by the wards of the plaintiffs. The said land was ordered to be sold by the Probate Court of the county of Victoria, on the —— day of ———, A. D., 185— ; that said land was pretended to be sold under said order, and by virtue of the same, and that the note sued was given for the purchase money of said land, so pretended to be sold, under and by virtue and in accordance with said order. Defendants charge that the provisions of said order were not complied with in the making said sale, and they herewith file, as a part of this answer, true copies of said order of sale, the report of said sale by the plaintiff and the order of said Probate Court confirming said sale.

Defendants further charge that the said note sued upon was obtained without any good or valuable consideration, in this, that the defendant had secured no title to the said land, so pretended to be sold, and for the purchase money of which, the said note sued upon was given.

And the said defendant Reid now offers to rescind said sale; re-convey said land to the said heirs, and asks that the said note, so sued upon, be given up to be cancelled. The defendants further charge that the Probate Court of Victoria county had no power or authority by law to order said sale at the time, and in the manner as the said order was made, there being no showing of a necessity for the sale of the said land, as by the law required, and therefore they pray judgment of the Court that the said sale be rescinded, the land reconveyed to the heirs and the said note be given up to be cancelled, and for costs of Court, &c.

Order of sale. The petition of J. W. Allen and Ann E. Allen, guardians of the minor heirs of William Robinson, deceased, having filed their petition in this Court, praying for sale of lands owned by said heirs in the tract of land wherein J. B. Reid now resides on the Guadalupe river, and adjoining the lower tract of Victoria, and the same having been ordered

by the Court to be divided between J. B. Reid, J. W. Allen and Ann. E. Allen, and the said heirs of William Robinson, deceased, the commissioners returned to this Court their report, that the same could not be divided without injury to the parties. And it is hereby ordered that the portion belonging to the heirs of William Robinson, deceased, be sold at public auction on the following terms, to-wit : one-third in cash ; one third in twelve months; the balance in two years, with interest from date ; said sale to be at such time as the guardians may think best to be done and in accordance with the law.

Report of sale. Guardianship of the heirs of William Robinson, deceased. Your petitioners, the guardians of the estate of the minors, James G. Robinson, Frances Robinson, William H. Robinson and Thomas A. Robinson, infant heirs of William Robinson, deceased, would respectfully return to the Court, that, in obedience to an order of your Hon. Court, made at its July Term, 1853, they proceeded to sell and did sell at public auction, at the Court-house door in the town of Victoria, the one-fourth interest of the said minors in a tract of land containing about 1280 acres, owned in common with your petition, ers, and J. B. Reid and wife, it being the same on which J. B. Reid lives, about three miles below the town of Victoria, on the east side of the Guadalupe river ; it being same land set forth and described in said order of sale. The whole of said tract of land was sold to J. B. Reid for the sum of nine thousand eight hundred dollars, ($9,800,) one-third in hand, and the remainder in two equal annual instalments, with interest from sale at the rate of ten per centum per annum. The portion of the purchase money coming to said minors from said sale is two thousand four hundred and fifty dollars, payable as aforesaid. Said sale was made on the first Tuesday in December, at the Court-house door, after due notice posted, one at the Court-house door and at two other public places in the county, not in the town of Victoria, and also by advertisement in the Victoria Advocate. In said sale all the requirements of the

law were fulfilled, so far as your petioners know and believe.

Your petitioners pray that the said sale may be confirmed, and your petitioners are prepared to make a conveyance in accordance therewith, and as in duty bound, &c. (Signed, &c.)

Decree confirming sale. Guardianship of the heirs of William Robinson, decased. This guardianship came on to be heard on the report of sales, made in obedience to an order of Court, at its July Term, 1853, of the interest of the heirs of said William Robinson, deceased, in the tract of land on which J. B. Reid is residing, situated in the county of Victoria, on the east side of the Guadalupe river, below and adjoining the town tract of Victoria, and containing 1280 acres, more or less ; and the said return having been examined, and the same having been ascertained to be in due form of law, and the said sale being inquired into, and found to have been conducted in conformity to law in all things, it is hereby ordered, adjudged and decreed that the said sale be and the same is hereby confirmed ; the return thereof is hereby ordered to record, and the guardians are required to make a conveyance, in accordance therewith, of the one undivided fourth part of the said 1280 acres, making this order a part thereof.

And the Court refused to suffer the defendants to file the said amended answer, to which ruling of the Court defendants excepted, &c. (Signed, &c.)

There was another bill of exceptions, as follows :

Be it remembered that at the trial of the said cause, the defendants, after the refusal of the Court to allow his amended answer to be filed, asked leave to amend, and asked time until to-morrow morning to file said amendment, which was refused by the Court, to which ruling of the Court the defendants' counsel excepted, and filed this their bill of exceptions, which they pray · may be signed, sealed and made a part of the record.

*G. M. Reid* and *Cunningham & Holt*, for appellants.

*W· S. Glass*, for appellees.

WHEELER, J. The Court did not err in sustaining exceptions to the answer. It asserted a verbal agreement, essentially different in its terms, from the written contract of the parties ; it proposed, by parol evidence, to substitute a new and different contract for the one which was really agreed upon, as evidenced by the writing. The written contract stipulated for the payment of the money on a day certain. The answer proposed to prove, by parol, an agreement for the payment of the money at a different time from that stipulated in the contract. This would have been to vary the written contract, by evidence of a verbal understanding between the parties, at the time of making it, different from that which the writing expressed ; and would be plainly violative of the rule, that parol cotemporaneous evidence is inadmissible, to contradict or vary the terms of a valid written instrument. (1 Greenl. Ev., Sec. 275, 277, 281.)

The defendants sustained no injury by the refusal of the Court to permit their amended answer to be filed. The matter pleaded was no defence to the action. The Probate Court had jurisdiction to order the sale of the land of the plaintiffs' wards ; and the order of sale, the sale, and the confirmation of it by the Court, made good the title of the purchaser. The answer discloses no want of power in the Court to order and confirm the sale ; and nothing in the proceeding to affect the title of the defendant Reid, to the land purchased. It discloses no ground for rescinding the contract, or resisting the payment of the purchase money. It would have been more regular to have permitted the answer to be filed, before sustaining exceptions to it. But the answer, if admitted without exception, could have been of no avail to the defendants. It did not constitute a legal basis for the rendition of judgment in their favor. The mere irregularity in practice, therefore, having operated no injury to the defendants, is not ground for reversing the judgment.

The refusal of the Court to give further time to the defend-
ants to amend their answer is not error, for two reasons.  In
the first place, it does not appear that they had any valid de-
fence to plead by way of amendment; and, moreover, the
application to delay the trial to give further time for amend-
ment, was addressed to the sound discretion of the Court.  It
is the right of a·party to amend his pleadings, subject only to
the qualification that the amendment be proper in itself and in
time.  But it is necessarily subject to this qualification.  Other-
wise the trial might be delayed indefinitely, to the injury of
the adverse party, and the hindrance of the administration of
justice.  (Lewin v. Houston, 8 Tex. R. 94.)    There is no
error in the judgment; and it is affirmed.

Judgment affirmed.