A. ABLOWICH v. GREENVILLE NATIONAL BANK.

Decided December 16, 1899.

1. **Parol Evidence Varying Written Contract.**

A promissory note for legal services performed and to be performed in defending the maker against a criminal charge and containing an unconditional promise to pay a given sum within a specified time, can not be varied by parol evidence of an agreement that a less amount was to be paid if the maker should not be indicted by the grand jury.

2. **Failure of Consideration—New Trial.**

Where a note was given to an attorney for legal services, part of which were thereafter to be performed in the event the maker should be indicted on a given charge, and after judgment was rendered on the note, the attorney having meanwhile been elected judge and thus disqualified from appearing for his client, the latter was indicted on that charge, there was a failure of consideration under such circumstances as required the granting of a new trial.

**3.  Non-Negotiable Instrument—Assignment Before Maturity—Defenses.**
    The assignment of a non-negotiable note before its maturity does not preclude the maker from urging against it a defense, such as a subsequent failure of consideration, that would have been available had the action been by the original payee. Revised Statutes, articles 308, 309, 314, construed, and Barton v. Bank, 2 Willson Civil Cases, section 711, criticised.

APPEAL from Hunt.  Tried below before Hon. HOWARD TEMPLETON.

*Craddock & Looney,* for appellant.

*Lee A. Clark,* for appellee.

CONNER, CHIEF JUSTICE.—This was a suit by appellee upon a note and mortgage executed by appellant and alleged to have been duly assigned to appellee by Hon. M. M. Brooks, the payee.  The note was in the usual form of a promissory note, payable in the sum of $450 six months after date, except that it was without words of negotiability.

The duly verified defense thereto specially urged, and which the evidence of appellant tended to support, was, in substance, that just prior to the execution of the note sued on appellant stood charged by complaint with the offense of murder, in defense of which charge he had employed the said Brooks as counsel; and that in consideration of his services as such, it was agreed that in the event appellant should not be indicted the fee of said Brooks should be not to exceed $150, but in case a grand jury found a bill of indictment against him, he was to pay said Brooks the full fee of $500, of which $50 was then paid in cash and the note and mortgage sued on given for the remainder.  It was alleged that said Brooks represented that he, appellant, would certainly be indicted, and that said fee of $500 included compensation for the services of said Brooks not only before the examining court where said charge was then pending, but also throughout a trial upon indictment found, and throughout the entire prosecution.  It was alleged that in fact appellant had not been indicted, although several terms of the grand jury had intervened, but that if indictment should yet occur said Brooks was now serving as judge of the Court of Criminal Appeals, to which office he had been duly elected since the execution of said note, and was therefore disqualified to now represent appellant; that the services of said Brooks actually performed were of value not to exceed $150, of which $50 had been paid as alleged, and $100 of which had been duly tendered. A partial failure of consideration was therefore alleged.

We are of opinion that the matter here set up was variant from the terms and legal effect of the instrument sued upon, and that, though not alleged in appellee's pleadings, no error to appellant's prejudice was committed by the court in charging the jury to the effect that they should find for appellee, if they should find, as indicated in the testimony of said Brooks, that prior to the execution of said note and sub-

sequent to the agreement as contended for by appellant, there was another agreement between said Brooks and appellant for the absolute and unconditional payment of a fee of $500, of which $50 was paid in cash, and that pursuant thereto the note and mortgage sued on were executed. No fraud, accident, or mistake in execution was alleged, and we must indulge the legal presumption that all prior agreements so far as assented to had been merged·in the written instruments executed, and that they contained the exact terms upon which the minds of both parties thereto met. The instruments sued upon evidenced an absolute promise to pay $450 within a specified time, without condition, and we do not think it was competent to show by parol that the agreement in fact contained a condition upon which a less sum was to be paid.

That the real consideration of the instruments sued upon was the legal services performed and to be performed by said Brooks is not disputed. It appears from the averments of appellant's answer, as well as from his testimony, that in the event he should be indicted for the offense with which charged, the sum specified in the note was payable. It was not alleged that there was any bar to the happening of such contingency, or that the condition of disqualification alleged would continue, so as to prevent full performance of the services contemplated on the happening thereof. In view of the unqualified promise to pay within six months, it could not be insisted that payment should be withheld. See Smith v. Garrett, 29 Texas, 49; Reed v. Allen, 18 Texas, 241. As illustrating perhaps, the views expressed, the following authorities may also be read: Millican v. Callahan County, 69 Texas, 206; Newton v. Newton, 77 Texas, 508; Janes v. Brewing Co., 44 S. W. Rep., 896; Leavell v. Seale, 45 S. W. Rep., 171; Gammage v. Walker, 46 S. W. Rep., 916; Bidwell v. Thompson, 25 Texas Supp., 246; Wright v. Hays, 34 Texas, 253; Saunders v. Brock, 30 Texas, 421.

A more serious question, however, is presented in the eighth assignment of error. In this assignment it is insisted that the court erred in overruling appellant's motion for new trial for the reason set forth in the ninth ground of his amended motion therefor, which was duly verified. ·It is alleged in this ground that after judgment herein and after the original motion for new trial had been filed the duly constituted and organized grand jury of Hunt County had duly presented an indictment in due form charging appellant with the offense of murder, based upon the same transaction as that upon which he was charged in said examining court; that he had been duly arrested by virtue of said indictment and the case against him set for trial, which necessitated the employment of other attorneys than the said Brooks, whose disqualification was again set forth, at a cost of at least $350, to which extent it was alleged the consideration of the note sued on had failed.

It was shown beyond controversy that the consideration of the instrument sued on was the legal services performed and to be performed by Mr. Brooks, and that the agreement contemplated the performance of such services throughout the entire prosecution. It appeared from

the motion, as also from the evidence on the trial, that Mr. Brooks had accepted an office that prevented the fulfillment of said agreement. By his election he became legally incapable of rendering further services in appellant's case. The motion was presented during the term of court at which the judgment was rendered, and before the court had lost control thereof, and had Mr. Brooks been the plaintiff below we apprehend the court would without question have granted appellant a new trial upon such terms as it deemed proper, and upon proof of the facts stated in the motion, would have apportioned the contract and given judgment thereon against appellant for the reasonable value only of the services actually rendered by Mr. Brooks. This was all Mr. Brooks would have been legally entitled to. See Baird v. Ratcliff, 10 Texas, 81.

Does the fact that the instrument sued on was transferred to appellee before its maturity limit appellant's right in this particular? We think not. It is insisted that the effect of article 314, Sayles' Civil Statutes, is to altogether limit appellant's right to plead a failure or partial failure of consideration in this case, there being no allegation or proof that appellee before assignment to it had knowledge of such failure of consideration. Said article provides that "the defendant in any action that may be instituted upon any written instrument may plead a want or failure, or partial failure of consideration, where such written instrument shall remain in the possession of the original payee or obligee; or when it shall have been transferred or assigned after the maturity thereof; or when the defendant may prove a knowledge of such want of failure of consideration on the part of the holder prior to such transfer."

The construction contended for seems to have been given this article by the early Court of Appeals in the case of Barton v. Bank, 2 Appeals Civil Cases, section 711, said court therein holding that article 314 (then 272) related specially and exclusively to the defenses of a want of and a failure of consideration, and that therefore these particular defenses could be interposed only in the instances named in the article; but we have been unable to agree to this construction.

Article 308 of the Revised Statutes provides that "the obligee or assignee of any written instrument not negotiable by the law merchant may transfer to another by assignment all the interest he may have in the same." The succeeding article declares that "the assignee of any instrument mentioned in the preceding article may maintain an action thereon in his own name, but he shall allow every discount and defense against the same which it would have been subject to in the hands of any previous owner before notice of the assignment was given to the defendant."

The articles quoted are in pari materia, and must be so construed as to give effect to each, if the same can be done. We see no necessary inconsistency in the articles. They evidently are but declaratory of what the law "aforetime was." Articles 308 and 309 relate to non-negotiable instruments alone, and while declaring that any such instrument may be

assigned, and that the assignee may sue thereon in his own name, it is further specifically provided that he shall allow every discount and defense against the same which it would have been subject to in the hands of any previous owner before notice of the assignment was given to the defendant.

With a number of intervening articles, article 314 provides that a failure or partial failure of consideration upon *any* written instrument (i. e., whether negotiable or otherwise) may be pleaded in the instances therein set forth, and our construction is that the articles relating particularly and especially to non-negotiable instruments control the more general provision relating to any class of instruments.

If we are correct in this construction, it follows that the instrument sued upon in this case, in the hands of the appellee, is subject to precisely the same defenses as was the same while owned by the original payee, M. M. Brooks, and that appellee is in no better situation by reason of the fact that the assignment to it was before maturity.

We do not think it can be said that the defense as thus presented in the motion for new trial was one arising after notice to appellant of the assignment. The fact which stirred into active life the right to an abatement may have arisen after notice of the assignment, but the instrument sued upon was at all times subject to the contingency set up. It will be obsered that by the terms of article 308 it is the interest only of the obligee that may be transferred. The assignee takes the instrument with all of its inherent as well as actual defenses. The right may have been inchoate or in abeyance until the happening of an indictment and until a necessity arose for the services of Mr. Brooks, but it was nevertheless, we think, inherent in the instrument, which was at all times subject in the hands of appellee to the right of appellant to set up this fact, upon the happening thereof, and the fact of the disqualification of the attorney who had agreed to perform the services, and the consequent partial failure of consideration.

Our conclusion is that the motion for new trial should have been granted, and that upon another trial appellee's right of recovery should be limited to the reasonable value of the services performed by M. M. Brooks.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*