SECURITY LIFE INS. CO. OF AMERICA v. ALLEN. (No. 8008.)

(Court of Civil Appeals of Texas. Ft. Worth. June 27, 1914. Rehearing Denied Oct. 24, 1914.)

1. EVIDENCE (§ 441*) — PAROL EVIDENCE — WRITTEN CONTRACT—NOTES.

In an action on a premium note, parol evidence of an agreement between defendant and plaintiff's general agent that defendant should not be called upon to pay the note if he would help the agent secure other insurance, which defendant did, was objectionable as contradicting the terms of the note.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723–1763, 1765–1845, 2030–2047; Dec. Dig. § 441.*]

2. INSURANCE (§ 184*)—LIFE POLICY—PREMIUMS—NOTES—REBATE.

Where defendant executed a note for the first premium on a life policy issued to him, an agreement between defendant and the agent securing the policy that defendant should not be asked to pay the note if he would help the agent obtain other insurance, which he did, amounted to a contract to pay or allow a rebate on defendant's policy in violation of Rev. St. 1911, art. 4954, and constituted no defense to the note.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 184.*]

3. INSURANCE (§ 188*) — NOTES FOR PREMIUMS — DEFENSES — FRAUD — MISREPRESENTATION OF FACTS—CONTRACTUAL AGREEMENT.

Where an insurance agent, after writing a policy on defendant's life, agreed with him that he should not be called on to pay a note executed by defendant for the first premium in case he would assist the agent in writing other insurance, which he did, such agreement was contractual, and not a misrepresentation of fact, and was not therefore sufficient to sustain a defense that the note was obtained by fraud.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 245, 402–407; Dec. Dig. § 188.*]

Appeal from Mitchell County Court; A. J. Coe, Judge.

Action by the Security Life Insurance Company of America against V. W. Allen. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Royall G. Smith, of Colorado, Tex., for appellant. Shepherd & Sandusky, of Colorado, Tex., for appellee.

DUNKLIN, J. The Security Life Insurance Company of America instituted this suit against V. W. Allen upon a promissory note executed by the defendant in favor of the plaintiff dated April 12, 1911, due December 1, 1911, in payment of the first premium upon a policy issued to the defendant by the plaintiff dated May 19, 1911, and from a judgment denying plaintiff any relief it has appealed.

In his answer the defendant alleged that the note was given as the first premium on a life insurance policy issued by the plaintiff to him; that he was induced to execute the note by L. M. Generes, plaintiff's general agent in Texas for soliciting life insurance, who promised and agreed with him at the time of such execution that the note would be canceled and returned to the defendant if defendant would thereafter aid said agent in procuring other life insurance from other people, which defendant agreed to do, and that the note was to become a valid and binding obligation in the event only defendant should fail to perform that agreement; that, acting under said agreement, defendant did procure other persons to take out insurance with said general agent to the amount of $85,000; that defendant would not have consented to take the policy and execute the note but for such representations and promises by Generes which amounted to misrepresentations and fraud rendering the note of no binding effect.

Defendant further alleged that during the first of December, 1911, he notified plaintiff of such agreement with Generes, and that by reason of the same he did not expect to pay the note, and thereupon plaintiff canceled the policy which had been issued to him. Defendant further alleged that the agreement of the general agent to cancel and return the note to the defendant "was in law an offer to pay, allow, and give indirectly to defendant as an inducement to insurance a rebate of the first premium on said policy, and that such offer of rebate was in direct violation of the Penal Code of this state; that, such offer of rebate so being in violation of the law of the state of Texas, the contract was and is in violation of the law and is void. * * *" For further answer the defendant alleged that, under and by virtue of the contract between plaintiff and its said general agent, the latter was entitled to receive 75 per cent. of the first premium on the policy issued to the defendant, and that by reason thereof, and by reason of the agreement of Generes to cancel and return the note, as above noted, the plaintiff is not, at all events, entitled to recover more than 25 per cent. of the note. It was further alleged that the right and title of Generes to 75 per cent. of said note was adjudicated in a certain suit entitled "L. M. Generes v. Security Life Insurance Company of America," which was determined in the district court of Dallas county, and later determined upon appeal by the Court of Civil Appeals. The trial was by the court without the aid of a jury, and the following are his findings of fact and conclusions of law:

"Findings of Fact.

"I. I find the Security Life Insurance Company has its business domicile in Chicago, in the state of Illinois, and was doing business un-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

der a certificate from the bureau of insurance in the state of Texas.

"II. I find that L. M. Generes was the general agent of Security Life Insurance Company.

"III. I find that on or about April 12, 1911, said L. M. Generes, general agent for said company, came to the town of Colorado, Tex., for the purpose of writing life insurance, and made the acquaintance of V. W. Allen, the defendant in this case, and that, after making the acquaintance of said V. W. Allen, he represented to defendant, Allen, that if he would lend him his co-operation assisting him in writing business that he would write in said company the policy of insurance on the life of Allen for the sum of $10,000, and that the first premium of $387.20 would not have to be paid by said Allen, and the note given by said Allen for said first payment would be returned to him.

"IV. I find that the defendant, Allen, complied with his agreement with Generes and introduced him to parties upon whose lives insurance was written by said Generes, and that said Allen worked with the general agent, Generes, and helped him to write business in Mitchell and adjoining counties by speaking to his friends and in behalf of the Security Life Insurance Company and of its general agent.

"V. I find that applications for life insurance were secured through the assistance of V. W. Allen on the lives of S. F. Singleton, R. H. Looney, Jr., ——— Wilson, Goss, Fullilove, Warren, and others, to the amount of $85,000, and that it was on securing the writing of this business that Generes assured the defendant, Allen, that he would not have to pay his note.

"VI. I find that defendant, Allen, induced by the representations of the general agent, Generes, that his note for the first premium would be returned to him, agreed to take out a policy of insurance in Security Life Insurance Company for $10,000 and executed his note, payable to Security Life Insurance Company, for the sum of $387.20, dated the 12th day of April, 1911, and due on the 1st day of December, 1911, with interest at 5 per cent. per annum from maturity until paid with 10 per cent. attorney's fees.

"VII. I find that a policy of insurance was issued to V. W. Allen for the sum of $10,000, in consideration of the note executed by said Allen, and said policy was canceled by the company, because the insured failed to pay the second payment on said policy.

"VIII. I find that a contract existed between L. M. Generes and the insurance company, wherein were contained certain limitations upon the authority of said Generes in writing policies, but that all such limitations and prohibitions were unknown to V. W. Allen, and that said Allen would not have executed said note to the plaintiff if he had not been induced to do so by the representations of the general agent, Generes, and that he, Allen, first knew of his alleged indebtedness to the company in December, 1911, when he received a letter from the insurance company that they were seeking to hold him on his note, at which time Allen promptly informed the company of his understanding with Generes.

"IX. I find that said Generes offered to rebate said Allen to the amount of the first premium on said policy, and said Allen agreed to accept said rebate, and the offer of such rebate was the inducement to said Allen to take out insurance in said company.

"X. I find that all notes taken by general agent, Generes, who was the sole agent for said company in Texas, were to be forwarded to the company until the delivery of the policy, and when the policy was so delivered then the notes were to be returned to the said agent, Generes, to be collected and the net sent to the company.

"XI. I find that the net due the company at the time of writing the insurance for Allen was the sum of 25 per cent. of the amount in said first premium note (if such first premium note was a binding obligation on Allen).

"XII. I find that by virtue of a certain judgment of the Court of Civil Appeals of the Fifth Supreme Judicial District of Texas, affirming and reforming a judgment of the district court of Dallas county, Tex., the said court adjudged, in a certain cross-action by Security Life Insurance Company v. L. M. Generes, that said Generes go hence without day, and specifically held that Generes might have his cause of action hereafter against said insurance company on all notes held by them for first premium on policies written by Generes.

"From the foregoing findings of fact I have arrived at the following:

## "Conclusions of Law.

"I. I conclude that L. M. Generes, general agent for effecting insurance on behalf of Security Life Insurance Company, had full power to act for said company, and that the acts and representations which he made to Allen were those which an ordinary person might expect of him and that he would be authorized to do or make on behalf of his principal, and that such representations were calculated to impose upon a careful and prudent man.

"II. I conclude that the limitations placed upon the authority of L. M. Generes by his principal in the certain contract did not bind V. W. Allen, with whom he dealt, for the reason that defendant Allen had no knowledge of such limitations upon the authority of said L. M. Generes.

"III. I conclude that the representations of Generes to Allen at the time Allen executed the note constituted a fraud upon said Allen; by which the note for the first payment was secured.

"IV. I conclude that the agreement by said L. M. Generes, general agent, to return Allen his note and cancel the note was an offer to pay, allow, and give indirectly to defendant, Allen, as an inducement to insurance, a rebate of the first premium on said policy.

"V. I conclude by such offer to pay, allow, and give a rebate would render the policy, and did render the policy void.

"VI. I conclude that, under the terms of the contract between Allen and Generes and the Security Life Insurance Company, that on all first payment premium notes defendant Generes, had an interest of 75 per cent. thereof, and the company had an interest of 25 per cent., and if allowed to recover anything, could not recover but 25 per cent. of the note herein sued on.

"VII. I conclude that the plaintiff ought not to recover of the defendant in its action herein, and that defendant, Allen, go hence without day and recover his costs in this behalf incurred."

Error has been assigned to the admission of the testimony of the defendant and of L. M. Generes to prove the agreement alleged in the defendant's answer that the note sued on should be discharged in consideration that the defendant should assist Generes in procuring other insurance. The testimony of those two witnesses constitutes the only evidence offered to prove such agreement and is, substantially, that the agreement was made as alleged in the answer and as found by the trial judge.

[1] The plaintiff objected to the testimony on several grounds, one of which was that its effect would be to vary by parol evidence the terms of the note. We are of the opinion that the court erred in overruling this objection.

[2] Furthermore, the agreement was in direct violation of article 4954 of the Revised

Civil Statutes 1911, and was on that account void, and constituted no defense to the note.

[3] The agreement did not constitute any misrepresentation of fact, but was contractual, and therefore did not furnish a proper basis for the conclusion of the trial judge that the note in controversy was procured by fraud, and was therefore void.

For the reasons noted, the judgment is reversed, and judgment is here rendered in favor of appellant for the amount shown to be due upon the note alleged in his petition.

SPEER, J., not sitting.