## HOUGHTON v. AMERICAN TRUST & SAVINGS BANK et al. (No. 1401.)

(Court of Civil Appeals of Texas. El Paso. Jan. 25, 1923.)

**1. Bills and notes ⬉92(1)—An order for stock held sufficient consideration.**

An order to deliver shares of stock addressed to the party holding the stock is valuable consideration to support a promissory note.

**2. Bills and notes ⬉103(1)—Evidence ⬉434 (12)—Agreement by payee to pay note held not fraud, and not provable to vary the note.**

A parol agreement by the payee of a promissory note that if the shares of stock for which it was given were not sold before the maturity of the note he would pay it, made before the execution and delivery of the note, was not fraud on the maker, and, under the parol evidence rule, could not prevail against the written agreement evidenced by the note.

**3. Trial ⬉377(2)—Refusal to reopen case not error, no good excuse for not discovering evidence being shown.**

Where no good excuse was shown for not discovering evidence and presenting it at the proper time, the refusal of the court to reopen the case and hear such evidence was not error, especially where the evidence was of no probative value on any material issue.

Error from District Court, El Paso County; Ballard Coldwell, Judge.

Action by the American Trust & Savings Bank and another against E. C. Houghton and others. Judgment for plaintiffs, and the named defendant brings error. Affirmed.

Turney, Burges, Culwell, Holliday & Pollard, of El Paso, for plaintiff in error.

Beall, Kemp & Nagle and Winter, McBroom & Scott, all of El Paso, for defendants in error.

HIGGINS, J. The American Trust & Savings Bank, as the holder in due course, brought this suit against the plaintiff in error, Houghton, as maker, and N. G. Buchoz and W. H. Vance, as indorsers, to recover upon a promissory note in the sum of $1,300 executed by Houghton to order of Buchoz and Vance.

Houghton set up a cross-action against Buchoz, as follows:

"Further answering herein, this defendant says that on or about March 20, 1920, he was in the office of defendant N. G. Buchoz; that said Buchoz and this defendant had been close personal friends for many years; that while in the office of said Buchoz, said Buchoz suggested to this defendant that he, this defendant, buy some stock in an oil company, the name of which this defendant does not now recall, but which said company said Buchoz represented to this defendant as being a very

---

fine company, the stock in which was fast increasing in value; that he (Buchoz) held many thousands of dollars' worth of stock in said company that he would not sell at any price, but that on account of the friendship existing between him and this defendant, he was very anxious that the said Houghton should purchase some of said stock and that because of the many favors that he had received from this defendant, he, said Buchoz, would secure from the defendant W. H. Vance some of this very valuable stock. This defendant then stated to said Buchoz that he did not have any money with which to make any such investment, whereupon the said Buchoz stated that he did not need any money; that all he had to do was to give a note to the said Buchoz. This defendant stated to the said Buchoz that he could not afford to give a note for such purpose, but the said Buchoz again urged him to sign a note, stating that on account of past favors which he had received from this defendant, he would take said note and purchase stock, and that this defendant would never hear any more about the note, and that if he, said Buchoz, could not sell said stock at an increase, he would personally guarantee to take up and pay said note. Relying upon said representations and promise, this defendant executed the note sued upon.

"This defendant says that the defendant Buchoz has failed and refused to carry out his said agreement; that he has failed and refused and still fails and refuses to pay off said note as he agreed to do, and he has failed and refused to deliver to this defendant the oil stock for which said note was given; and this defendant says that on account of the misrepresentations and fraud and on account of lack of consideration passing between this defendant and the said Buchoz, he is entitled to have judgment over and against the said Buchoz in the event the plaintiff herein should secure a judgment against this defendant, as the note sued upon was without consideration, and therefore plaintiff should not recover against this defendant.

"This defendant says that the actions, misrepresentations and conduct on the part of the said Buchoz were and are fraud upon this defendant, and the consideration for which said note was given having failed, this defendant prays judgment over and against the defendant Buchoz and prays for general relief."

Upon trial without a jury judgment was rendered in favor of the bank as prayed for with direction that execution issue first against Houghton; that Houghton take nothing by his cross-action against Buchoz; and that Buchoz and Vance have judgment over against Houghton for whatever they might be required to pay upon the judgment in favor of the bank.

The correctness of the judgment in favor of the bank is not questioned. All assignments relate to the issue between Houghton and Buchoz.

Findings of facts and conclusions of law were filed by the trial court as follows:

"Findings of Fact.

"(1) That the note sued upon was executed and delivered in the form substantially as alleged.

"(2) That there was placed to Houghton's credit the shares of stock for which the note was given.

"(3) That it was agreed by parol between Houghton and Buchoz that, in the event the shares of stock were not sold before the maturity of the note, he (Buchoz) would pay off and discharge the note; and that this agreement was made before the execution or delivery of the note.

"(4) That Buchoz was guilty of no fraudulent act or conduct.

"Conclusions of Law.

"1. That there was consideration for the note.

"2. That the agreement between Buchoz and Houghton, for the payment by Buchoz of the note, varies the terms of the written contract, and should not be considered.

"3. That the plaintiff should recover against all parties for the amount of the note and attorneys' fees, and that Buchoz and Vance should recover against Houghton any amount which they are required to pay upon said note.

"4. That the defendant Houghton should not recover against Buchoz on his cross-action."

[1] The evidence discloses that at the time Houghton purchased the stock he received from Vance an order for the same addressed to the party who was holding the stock under a pool agreement; that Houghton had never presented the order, but the stock was still available and subject to his order. The note was thus supported by a valuable consideration. If it be conceded that Houghton's allegations are sufficient to raise an issue of fraud, this phase of the case presents no error because the evidence raises an issue of fact which was found against Houghton. The trial court's finding upon that issue is supported by the evidence and controls.

[2] The parol agreement between them found to have been made by the third finding was not a fraud. Nor can the same prevail against the written agreement evidenced by the note. The note was an unconditional promise to pay supported by a valuable consideration. To enforce the parol agreement would be to qualify the unconditional promise to pay and thus vary the written contract. The authorities in this state hold that the parol agreement is unavailing. Guaranty Life Ins. Co. v. Davidson (Tex. Com. App.) 234 S. W. 883; Ablowich v. Greenville Bank, 22 Tex. Civ. App. 272, 54 S. W. 794; Security Life Ins. Co. v. Allen (Tex. Civ. App.) 170 S. W. 131; Frost v. Thomas (Tex. Civ. App.) 238 S. W. 305.

Under the authorities cited, the court's second conclusion of law was correct.

[3] The refusal of the court to reopen the

case and hear the evidence of J. A. Borders presents no error. No good excuse was shown for not discovering the evidence and presenting it at the proper time. Furthermore, the evidence, had it been heard, could not have affected the result. It was of no probative value upon any material issue in the case.

What has been said disposes of all questions presented.

Affirmed.