**SHAMBECK v. JOHNSON et al.  (No. 2971.)**

Court of Civil Appeals of Texas. Amarillo.
Feb. 29, 1928.

Rehearing Denied March 21, 1928.

Set-off and counterclaim ⬡=49(3)—Seller of cotton failing to deliver held entitled to set off buyer's note executed before notice of assignment against assignee of buyer's rights (Rev. St. 1925, arts. 569, 570).

Where contract for delivery of cotton was breached, and buyer assigned rights under contract to third party, who brought action against seller, who offered as set-off note executed by buyer to him after assignment, but before he had notice, *held* that seller was entitled to set-off under Rev. St. 1925, art. 569, providing that assignee of written instrument not negotiable by law may assign interest, and article 570 providing assignee mentioned in preceding article may sue in own name but shall allow every defense against him which instrument would have

been subject to in hands of previous owner before notice of assignment was given to defendant.

Appeal from District Court, Lubbock County; Clark M. Mullican, Judge.

Suit by W. H. Johnson against Louis Shambeck and others. Judgment for plaintiff, and named defendant appeals. Reversed and reformed, and, as reformed, affirmed.

See, also, 281 S. W. 349.

Bean & Klett, of Lubbock, for appellant.
Lockhart & Garrard and F. D. Brown, all of Lubbock, for appellees.

RANDOLPH, J. This suit was instituted by appellee Johnson as plaintiff. By his amended pleading, he named as defendants H. O. Waters, Louis Shambeck, Lubbock National Bank in Lubbock, and Rollie H. Scales, trustee in bankruptcy, alleging that Waters had been declared a bankrupt.

On trial before the court, without a jury, judgment was·rendered for the plaintiff and against the defendants, from which judgment defendant Shambeck has appealed.

Plaintiff alleged in his said pleading that on or about the 1st day of June, 1923, the defendant Shambeck sold to the defendant Waters 300 bales of cotton at the price of 22½ cents per pound, and agreed to deliver said cotton f. o. b. at Wilson, Tex., during the months of October and November, 1923, and that said contract, among other things, provided that Shambeck and Waters would divide the profits on said cotton equally between them; that Shambeck failed and refused to deliver all of said cotton, as he agreed to do, but only delivered to Waters 200 bales of cotton, and by reason of his failure and refusal to deliver all of said cotton, the said Waters and his assigns were damaged in the sum equal to the difference between the purchase price of said cotton and the market value of same, at the time of delivery, and the said Johnson was entitled to receive from the said Waters such sums of money as the said Shambeck was due him under said contract.

Plaintiff further alleges that on or about the 12th day of September, 1923, for a valuable consideration, the said Waters sold, transferred, and assigned to him said contract which he had with the defendant Shambeck, and was, on said date, entitled to receive any and all sums of money due Waters under and by virtue of said contract; that though the defendant Waters had sold and transferred said contract and all rights thereunder, that on or about the 1st day of February, 1924, the defendants Waters and Shambeck made and entered into a contract and agreement in writing wherein and whereby the defendant Shambeck acknowledged that he was due to Waters, under said

⬡=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

contract, the sum of $1,727, and the said Waters agreed to accept said sum, to be paid by Shambeck, $727 cash and the execution and delivery of two certain promissory notes in the sum' of $500 each, payable to the order of Waters, one to be due on the 1st day of ,February, 1926, and the other to become due on the 1st day of December, 1926, in full and complete settlement of any claim that he had against the said Shambeck under said contract, and thereupon said Shambeck did pay to the said Waters such sum of money in cash and did execute and deliver to him the said two notes.

Plaintiff further alleges that the defendant Waters did not have any right or title to said contract at the time of such settlement and was not entitled to receive from Shambeck any sum of money or other thing of value in settlement of said contract, and in this connection plaintiff alleges that by reason of the facts alleged there resulted in favor of plaintiff a trust, and that said Waters received said notes in trust for the use and benefit of plaintiff, and that plaintiff is entitled to the title and possession of same; that each of said notes is past due and unpaid, and that each of said notes provide for 10 per cent. attorney's fees.

Plaintiff further alleges that said notes and the contract for the sale of the 300 bales of cotton are in the hands of the defendants, or some of them, and notice is given to produce said notes, and, further, that the Lubbock National Bank and Rellie H. Scales, trustee in bankruptcy, are setting up some right or title to said notes, but that such claim, right, or title is secondary and inferior to the plaintiff's title to same. ,Plaintiff then prays that upon hearing he have judgment for the title and possession of the notes, and for judgment against Shambeck'for the principal, interest, and attorney's fees, costs of suit, and general relief.

The Lubbock National Bank filed answer consisting of a general demurrer and general denial.

The defendant Scales is recited in the judgment to have made his appearance and filed an .answer, but such answer does not appear in the transcript.

The defendant Shambeck's second amended original answer consisted of a general demurrer, general denial, and a special plea, in which he alleges:

"For further answer, if same be necessary this defendant says that it is true, as alleged in plaintiff's petition, that on or about the 1st day of February, 1924, this defendant and H. O. Waters made and entered into a contract and agreement in writing in settlement of the cotton contract theretofore entered into between this defendant and the said Waters, on the 1st day of June, 1923, and in such contract of settlement this defendant acknowledged that he was due the same H. O. Waters $1,727, and the said H. O. Waters agreed to accept said sum, and $727 was paid in cash, and this de-

fendant executed and delivered to the said H. O. Waters his two promissory notes, payable to the order of said H. O. Waters, on or before the 1st day of February, 1926, and the 1st day of December, 1926, respectively, each note for $500. This defendant further says that at the time he executed such notes, and for many months thereafter, he had no knowledge of the fact that W. H. Johnson claimed any interest in said notes, and says that in truth and in fact he did not know that W. H. Johnson claimed any interest in said notes until this suit was filed and citations served upon him.

"This defendant further says that on or about the 9th of May, 1924, and long prior to the time this defendant was informed that W. H. Johnson claimed any interest in the notes executed by this defendant to H. O. Waters, the said H. O. Waters executed and delivered to this defendant his certain promissory note, dated May 9, 1924, payable to order of this defendant on November 1, 1924, with 10 per cent. interest from date until paid, and that by reason of such fact the said H. O. Waters became bound and liable to pay to this defendant the sum of money in said note specified, together with 10 per cent. interest and 10 per cent. attorney's fees by reason of the fact that it provided that if it was not paid at maturity and placed in the hands of an attorney for collection, the maker agreed to pay an additional 10 per cent. on the principal and interest of such note as attorney's fees. Such note was for $577.70.

This defendant would further show the court that the said H. O. Waters has filed his petition in voluntary bankruptcy, with the District Court of the United States for the Northern District of Texas, at Amarillo, and that said two notes have been turned into said court as assets and are now in the hands of Rollie Scales, as trustee in bankruptcy, and unless and until said Rollie Scales as trustee is made or becomes a party to this suit, the title to such notes cannot be adjudicated, because said Rollie Scales, in his capacity as trustee, is claiming an interest in and to said notes.

"This defendant would further show the court that since the title to said notes has been in dispute, he cannot pay the same for the reason that if he pays the amount due on such notes to either party claiming the same, the other party might establish his title and make this defendant pay the notes again, and that by reason of such facts this defendant is in the position of a stakeholder with reference to the balance due on such notes after allowing this defendant to set off the indebtedness of the said H. O. Waters to this defendant as evidenced by the aforesaid note.

"In this connection, this defendant alleges that the aforesaid note executed by Waters to this defendant is past due and unpaid, and, although demand has often been made for the payment thereof, such defendant H. O. Waters has wholly failed and refused to pay same, whereby he became bound and liable to this defendant for the sum of money specified in said note, together with interest and attorney's fees therein stipulated for, and this defendant is further entitled to set off the amount due on such note against the two notes executed by this defendant to said Waters, because the plaintiff W. H. Johnson is not an innocent holder for value before maturity of said notes, and cannot claim ·

to be and is not a holder in due course of said notes.

"This defendant further says that by reason of the fact that he did not know who held the legal title to said two notes executed by him in favor of said H. O. Waters, and because no legal holder of said notes ever made demand upon him for the payment thereof, and because said notes have never been actually placed in the hands of an attorney for collection, he is not liable for the 10 per cent. attorney's fees claimed by the plaintiff.

"Wherefore, this defendant asks that the title to said notes be adjudicated in the event the said Rollie Scales is a party to the suit, and in the event that he is not, that he be made a party to the suit, so the title can be adjudicated; that this defendant be allowed to set off against said two notes executed by him the amount of principal, interest, and attorney's fees accrued to date on the note executed to this defendant by said Waters; that no attorney's fees be allowed on the two notes executed by defendant; that all costs be adjudged against plaintiff and in favor of this defendant; and for such other and further relief, in law and equity, as he may show himself entitled to."

The trial court found substantially that the contract between Waters and Shambeck was, as is alleged in plaintiff's petition: That Shambeck failed and refused to deliver all of the cotton as he had agreed to do and only delivered 200 bales. That, for a valuable consideration, the defendant Waters sold, transferred, and assigned to the plaintiff the contract which he had with the defendant, Louis Shambeck. (2) That the defendants Waters and Shambeck made and entered into a contract and agreement in writing wherein and whereby the defendant Shambeck acknowledged that he was due the said Waters, under said contract, the sum of $1,727, and that the defendant Waters agreed to accept said sum to be paid by the said Shambeck $727 in cash, and the execution, and delivery of two certain promissory notes in the sum of $500 each, and payable to the order of said Waters on the 1st day of February, 1926, and on the 1st day of December, 1926, in full and complete settlement of any claims said Waters had against the said Shambeck under said contract, and that the said Shambeck did pay to the said Waters said sum of money in cash and did execute and deliver said promissory notes, and that said promissory notes bore interest from date until paid at the rate of 10 per cent. per annum and provided for the payment of 10 per cent. attorney's fees. (3) That at the time of the settlement between the said Shambeck and said Waters, Waters did not own the said contract, but that the same was then held and owned by the plaintiff, and that the plaintiff was entitled to receive any and all sums due under the said contract by the said Shambeck, and that the said Waters received said notes and said money in trust for the use and benefit of the plaintiff, and that the plaintiff was, on said date, the owner of said notes. (4) That at the time of said settlement, the defendant Shambeck did not know of the assignment of said contract from the defendant Waters to the plaintiff Johnson. (5) That as a fact, the defendant H. O. Waters was adjudged a bankrupt in cause No. 622, Rollie H. Scales being the trustee in bankruptcy, and that at the time of the trial of this cause, the defendant Scales and the defendant Lubbock National Bank did not own any interest in and to said notes. (6) That some time after the settlement was had between the defendant Waters and the defendant Shambeck, the defendant Waters made, executed, and delivered to the defendant Shambeck the note described in the defendant Shambeck's answer. (7) That at the time of the execution of the latter note, that the defendant Shambeck was not, at that time, indebted to the defendant Waters, but he was in fact indebted to the plaintiff Johnson by reason of the facts hereinbefore stated.

The evidence and also the findings of fact by the court disclose that Johnson bought of Waters the nonnegotiable contract Waters had with Shambeck; that Shambeck had no notice of the transaction between Johnson and Waters, and, while he owed Waters on the written contract, Waters became indebted to him (Shambeck), and, without accounting for the two notes given in a former settlement between him and Waters, Shambeck accepted from Waters, in settlement of the indebtedness Waters owed to him, the note sued on, as a set-off herein, by Shambeck.

There is no question but that the transaction sued on by the plaintiff Johnson was the written contract between Waters and Shambeck, in which Shambeck acknowledged his indebtedness to Waters existing at that time, and that the recovery on the notes sought by the plaintiff is incidental only to the plaintiff's ownership of the nonnegotiable contract.

Article 569, Revised Civil Statutes 1925, provides that the obligee or assignee of any written instrument not negotiable by the law merchant may, by assignment, transfer all his interests therein to another. This right to transfer, however, is not an unqualified right to enforce the contract so assigned or transferred. The succeeding article 570 provides:

"The assignee of any instrument mentioned in the preceding article may sue thereon in his own name. He shall allow every discount and defense against the same which it would have been subject to in the hands of any previous owner before notice of the assignment was given to the defendant. * * *"

It is clear that the defendant Shambeck was entitled to offset the indebtedness owing to him by Waters as against the indebtedness

owing to Waters while the same was still held by Waters, and under this last-quoted article, the instrument sold by Waters to the plaintiff Johnson being a nonnegotiable instrument only, the same was taken by the plaintiff subject to the right of Shambeck to offset his debt against it. Ablowich v. Greenville National Bank, 22 Tex. Civ. App. 272, 54 S. W. 794; Feder-Gregg Co. v. Big Four Shoe Store (Tex. Civ. App.) 284 S. W. 717, and cases therein cited.

There is sufficient evidence to sustain the finding of the trial court that the note sued on by Johnson contained a provision for attorney's fees; hence we overrule appellant's contention that the judgment of the court allowing such fees was erroneous.

In view of what has been said above, we here reverse the judgment of the trial court and reform same by rendering judgment in favor of the plaintiff Johnson for the amount of the notes and interest sued on by him against the defendant Shambeck, less the amount of the principal and interest due on the note sued on by Shambeck, as an offset, together with attorney's fees of 10 per cent. on the balance due on the note sued on, after such set-off in favor of the plaintiff, and, as reformed, the judgment is affirmed.