JOHNSON v. SHAMBECK. (No. 1005–5183.)

Commission of Appeals of Texas, Section B. Feb. 13, 1929.

See, also, 281 S. W. 349.

Lockhart & Garrard and F. D. Brown, all of Lubbock, for plaintiff in error.

Bean & Klett, of Lubbock, for defendant in error.

SPEER, J. On June 1, 1923, H. O. Waters and Louis Shambeck entered into a contract whereby Shambeck sold to Waters 300 bales of cotton at an agreed price to be delivered f. o. b. at Wilson, Tex., during the months of October and November. On September 12th, Waters assigned the contract to W. H. Johnson. Thereafter, on about February 1, 1924, Waters and Shambeck entered into an agreement in writing wherein Shambeck acknowledged that he was due to Waters under the contract the sum of $1,727, and Waters agreed to accept said amount to be paid $727 cash, which was then paid, and $500 to be paid February 1, 1926, and a like sum to be paid December 1, 1926; each of said $500 payments represented by the promissory note of Shambeck.

This suit was instituted by Johnson against Shambeck, and others, and, from a recovery in the amount of the two notes mentioned, Shambeck appealed, whereupon the Court of Civil Appeals reformed the judgment so as to allow to Shambeck an offset in the amount of a $577 note executed to him by the defendant Waters, and, as thus reformed, the judgment of the trial court was affirmed. 3 S.W. (2d) 883.

The Court of Civil Appeals based its judgment upon article 570 of the Revised Civil Statutes 1925, which provides: "The assignee of any instrument mentioned in the preceding article may sue thereon in his own name. He shall allow every discount and defense against the same which it would have been subject to in the hands of any previous owner before notice of the assignment was given to the defendant. * * *"

The preceding article refers to assignments of nonnegotiable written instruments.

The Court of Civil Appeals was of the opinion that the suit was based upon the written contract between Waters and Shambeck, in which the latter acknowledged his indebtedness to the former, and that the recovery, according to the notes, was incidental only to the plaintiff's ownership of the nonnegotiable contract. We do not so interpret the pleadings. The plaintiff in great detail did plead all the transactions between Waters and Shambeck and between Waters and himself. But these allegations, with respect to the cotton contract and the settlement between Waters and Shambeck, wherein the notes were executed, merely constituted matter of inducement to plaintiff's real cause of action. The plaintiff alleged that, at the time of the settlement between Waters and Shambeck and the taking of the two notes mentioned, he was the owner in his own right of said contract and Waters had no right or title whatever thereto, and that, by reason of the facts alleged, there resulted in his favor a trust, that Waters received the notes in trust for his use and benefit, and that he is entitled to the possession of the same. He then alleged that each of said notes is past due and unpaid, and sought a recovery against Shambeck for the principal, interest, and attorneys' fees due thereon.

We think it is clear the action was on the notes. The plaintiff under the facts alleged was as much the owner of the notes, as if they had been taken in his own name. The only difference is that, had the notes been taken by Waters in Johnson's name, the latter's title would have been legal, whereas,

under the transaction as consummated, it was only equitable. But the Court of Civil Appeals, holding as it did that the suit was upon the nonnegotiable contract, they further held that plaintiff must allow the "defense" under article 570.

But whether the suit be considered upon the notes, or upon the contract as held by the Court of Civil Appeals, we are yet of the opinion the offset should not have been allowed. Article 570 has no application. That article requires an assignee of any written instrument not negotiable by the law to "allow every discount and defense against the same which 'it would have been subject to in the hands of any previous owner before notice of the assignment was given to the defendant." Now it is undisputed that the note of Waters which Shambeck was allowed to offset in this case did not grow out of the cotton contract transaction, but grew out of an entirely distinct matter some months after the settlement was made, resulting in the execution of the notes in controversy. It is therefore not a "discount" or "defense" which could have been urged to defeat the notes, even in the hands of Waters. Article 570 is not as liberal and broad as the rule of counterclaims or set-off provided for in articles 2015 to 2017, which have the effect to permit a defendant to set off a certain demand with a liquidated or certain counter demand. This was intended to alleviate the evil of the common-law system, which required separate suits under such circumstances. But here even these articles have no application, for Shambeck's note pleaded in offset is not a claim against Johnson; and, not being a "discount" or "defense" to the original cause of action, it should not be allowed in this case.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and that the judgment of the trial court be in all respects affirmed.

CURETON, C. J. The judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.