### JAMES F. NALLE v. WILLIAM P. GATES.

Where suit was brought in the name of two partners on a note payable to the firm, it was held that the declarations of one of the partners, to the effect that the defendant was entitled to a credit on the note for a certain amount, was admissible in evidence notwithstanding that the partnership had been dissolved before the suit was commenced, and the suit purported to be brought for the use of the other partner, and the declarations were made after the commencement of the suit, with a view directly to give the defendant the benefit of them on the trial. The answer had denied that the suit was brought for the use of the one partner, and there was no proof of it, except the declaration in the petition.

See this case as to the rule requiring the proof to conform to the allegations, and as to the certainty required in a bill of exceptions.

Objections to the admissibility of the evidence cannot be raised, for the first time, by asking instructions to the jury.

A parol agreement made at the time when a note was given, that a certain claim should be allowed as a credit and be entered as such on the note, which was not done, is not liable to the objection that it was a cotemporaneous, verbal understanding, that would vary the terms of the written contract.

Error from Washington.    Tried below before the the Hon. R. E. B. Baylor.

Suit by James F. Nalle and James Baldridge, late partners, trading under name and style of Nalle & Baldridge, "who sue for the use and benefit of J. F. Nalle," against William P. Gates on a promissory note, dated March 4th, 1854, payable one day after date, for $175 21, bearing interest at 10 per cent. The suit was commenced Sept. 24th, 1855.

Defendant demurred; denied all and singular, "and particularly that said suit is brought for the use of plaintiff; and defendant further saith that he has long since paid off and discharged said note."

Trial; verdict for plaintiff for $77 62, and new trial granted

to plaintiff, one of the grounds of the motion being that plaintiff was surprised by the evidence of Baldridge's statement to defendant's counsel.

Amended answer, to the effect that at the date of the note James Baldridge, "one of said plaintiffs," was indebted to defendant in the sum of $115 50, upon a blacksmith account, which account on the day the note sued on was executed, was stated and receipted and delivered to said Baldridge, with the express understanding and agreement between both of said plaintiffs and defendant, that the amount of said account should be credited and applied as a payment on said note.

The statement of facts was as follows:—

James Baldridge, one of the plaintiffs, states that the account of $115\frac{50}{100}$ of defendant, was made for blacksmithing, done by defendant for the plantation of N. Cheek, and that the defendant Gates made the account, for which the note was given, with the understanding that the same was to be credited upon his note sued on; that the store and goods all belonged to N. Cheek; that at the time the note was given, defendant and Baldridge went into the store to Mr. Nalle, who kept the books, and Baldridge told Nalle to place the credit for the account of $115\frac{50}{100}$, upon the note, sued on, and Nalle did not object to giving the credit, and Baldridge supposed it to have been given; that such was the understanding between Nalle, Baldridge, Cheek and Gates, and that Gates is entitled to the credit by agreement of all the parties, and did the labor for Cheek, with that understanding.

The foregoing was made and signed by James Baldridge, a short time after the suit was filed; and the original having been lost, we agree to substitute the foregoing in its stead, and that this be placed instead of the original in the statement of facts.

Said statement was signed by the attorneys of both parties. Plaintiff proved that the firm of Nalle & Baldridge was dissolved before the suit was brought.

At plaintiff's request, the Court charged the jury "that if they believed, from the evidence, that the note sued on was executed by Gates, you will find for the plaintiffs the amount due upon the same, unless Nalle is shown to have assented to the credit claimed by the defendant;" but refused to charge the jury "that the terms of a written instrument cannot be varied by any verbal agreement made at the time the same was executed," and "that Baldridge is but a nominal party to this suit, and his state-

ments are no evidence against Nalle, who is the real party at interest, as shown by the record."

At defendant's request, the Court charged the jury " that if they believe, from the evidence, that the defendant paid the amount of the account, pleaded by defendant, to Baldridge, with the assent of Nalle and in his presence, such payment is a good credit upon said note; and that the admission of Baldridge is evidence before the jury, and proper evidence for their consideration."

Verdict and judgment for plaintiff for $81 53. Motion for new trial overruled, &c.

Bill of exceptions to the admission of Baldridge's statement, showing that it was objected to on the ground that defendant had not filed interrogatories to said Baldridge, "who is a party to the suit;" that Baldridge was only a nominal party to the suit, and his unsworn statements could not affect the real party at interest; that the same was not responsive to the allegations of defendant's pleadings; that there was no allegation in the answer under which the same could be read; that the party at interest had no opportunity to cross-examine; that the statement was not sworn to.

*Sayles* and *Bassetts*, for plaintiff in error. I. The evidence did not correspond with defendant's allegations.

II. The unsworn statements of a nominal party are not admissible in evidence against the real party. We know that Baldridge's statements, made while he was the owner of the note, would have been binding upon all claiming under him with notice, or receiving it after maturity, which is equivalent to notice. But, at the time this statement was made, Baldridge was not in possession; the firm had been dissolved; suit had been brought for the use of another, which was notice that Baldridge had no longer any interest in the note; possession was in the plaintiff; and certainly the statements of Baldridge, made under such circumstances, were not competent testimony, unless subjected to those customary tests of an oath and a cross-examination, which have been established for the purpose of eliciting the truth.

We have argued this question upon principle. Upon authority it is equally clear. Greenleaf says that before the nominal party can be examined as a witness at all, the consent of the real party must be obtained. (1 Greenl. on Evid. § 353.) If such is the rule with regard to his sworn statements in Court, still stronger is the

objection to his unsworn statements made out of Court, when drawn up by the attorneys for the opposite party for the express purpose of admitting away the real party's case. Greenleaf goes on to say (§ 354) that even if he were really interested, and voluntarily came forward, he would be excluded, because to admit him would be to offer strong inducements to perjury; and he therefore says that the better opinion is to exclude him, unless with the consent of all the parties to the record. The case of Frear v. Evertson (20 Johns. R. 142) is one which bears a striking similarity to that now under discussion, and we ask particular attention to the reasoning of the Court therein.

III. The Court below refused to instruct the jury, at the plaintiff's instance, " that the terms of a written contract cannot be varied by any verbal agreement made at the time the same was executed." We are at a loss to know the reasons which induced the Court to refuse the instruction. No principle of law is better established, than the proposition there enunciated. It was applicable to the facts, for Baldridge's statement was the only evidence upon the subject, and that states expressly that the conversation took place " at the time the vote was given." (See 1 Gr. on Evid. 275-6.)

*J. D. & D. C. Giddings,* for defendant in error. It is assumed that Baldridge was a mere nominal party; this is not sustained by the record. The note was given to Nalle & Baldridge, and was not indorsed, and the note showed the right of action was in both, and the record shows the suit was brought for use of Nalle, with a view to defeat the just payment made by defendant, with the assent of Nalle & Baldridge. It may be doubtful whether the plaintiff showed any right to recover, and certainly the action could not, without other evidence than the note, have been maintained in the name of Nalle alone.

WHEELER, J. It does not appear, otherwise than by the averment in the petition, that the suit was for the use of Nalle; that his co-plaintiff was but a nominal party. That averment was traversed specially by the answer; and there is no evidence of an assignment of the note, or of the interest of the one payee, to the other. This distinguishes the present from the cases which hold that the declaration of the former holder of a chose in action, shall not be received to impeach the title or impair the

interest of his innocent assignee in a suit by the latter. (Bristol v. Dan, 22 Wend. 142; Whitacre v. Brown, 8 Id. 490; Frear v. Evertson, 20 Johns. R. 142; 1 Greenl. Ev. Sec. 171.)

The rule is well settled, that a party who can call a witness, should not be permitted to prove his declarations. But it was not the privilege of the defendant to make the alleged nominal plaintiff a witness; because he was a party to the record, and might refuse to testify if he saw proper; (Dial v. Crain, 10 Tex. R. 444; Parsons v. Phipps, 4 Id. 341;) and although only a nominal party, the consent of the real party in interest, it seems, must have been obtained before he could be examined. (Frear v. Evertson, 20 Johns. R. 142, 143; 1 Greenl. Ev. Sec. 353, 354.) Not being a competent witness at the call of the defendant, being a party to the record, and apparently having a joint interest with his co-plaintiff in the note on which they sue, it is not perceived that there was error in admitting his declarations in evidence. (1 Greenl. Ev. Sec. 171; 7 T. R. 663, 670, note; 8 Wend. 491.)

It is further insisted that the evidence was not admissible, because variant from the allegations in the answer. The answer sets up an account against one of the plaintiffs. The account itself is not in the record; but for aught that appears it may have been charged against the plaintiff. Under the understanding of the parties, as deposed to by the witness, it might have been so charged. We cannot say, therefore, that the evidence was inadmissible on this ground.

Nor do we think the remaining objection to the judgment well taken. Objections to the admissibility of evidence cannot be raised by asking instructions to the jury. If the evidence was inadmissible as tending to vary by parol the terms of a written contract, it should have been objected to on that ground when offered. That, however, was not one of the grounds of objection taken to the admission of the evidence. But if it had been we do not think it well taken. It is evident the note had been made before the conversation detailed by the witness. The proposition to place the credit on the note plainly implies that the note had already been made. There was no error in refusing the charge asked by the plaintiff. Nor was there error in the charge given at the instance of the defendant. The transaction amounted to an equitable payment; and the speaking of it as a payment could not have had the effect to mislead. There could be no

mistake as to what was intended. There is no error in the judgment, and it is affirmed.

Judgment affirmed.