# COURT OF APPEALS OF TEXAS.

## TYLER TERM, 1880.

---

### F. Pippin v. The State.

1. Venue. — The record must show that there was proof of the venue of the offence. If it fails to do so, the conviction will be set aside, as a matter of course.
2. Practice — Evidence. — Objection to evidence must be raised when the evidence is offered, and cannot be made available by instructions to the jury.
3. Theft — Possession. — Actual control, care, and management of property constitute such ownership and possession as are involved in a trial for theft of it.

Appeal from the County Court of Henderson. Tried below before the Hon. W. L. Faulk, County Judge.

The conviction was for the theft of three hogs, alleged to be worth $15 in the aggregate. A fine of $25 and confinement in the county jail for twenty-four hours were assessed as the punishment.

*Robertson & Finley*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

White, P. J. The judgment below must necessarily be reversed, because the record fails to show that the venue of the offence was proven.

A bill of exceptions was saved to the refusal of the court to give in charge a special instruction asked, to the effect " that the admission of one defendant, jointly indicted, in the absence of the other, will not be taken in evidence

against him.'' The court did not err. Objection should have been raised to the evidence at the time it was sought to be introduced, or by motion to exclude it from the jury, if improper evidence had inadvertently been admitted. Objections to the admissibility of evidence cannot be raised by asking instructions to the jury. *Nalle* v. *Gates*, 20 Texas, 315; *Lanham* v. *The State*, 7 Texas Ct. App. 126; *Bohanan* v. *Hans*, 26 Texas, 445.

Amongst other grounds of error set out in the motion for new trial, it is claimed that the verdict is contrary to the evidence, in that the evidence showed that the property did not belong, as alleged, to E. P. Baugh, but to the estate of his father. The witness stated that the hogs belonged to his father's estate, but that he was managing them. In such a case, even before the adoption of the Revised Statutes (Code Cr. Proc., art. 426), as was the case here, such management and control would sustain the allegation of ownership. *Crockett* v. *The State*, 5 Texas Ct. App. 526.

None of the other errors complained of are considered tenable. Because the venue was not proven, the judgment is reversed.

*Reversed and remanded.*