## R. F. ROUNDTREE v. GEORGE GILROY.

(Case No. 4477.)

1. SPECIAL DISTRICT JUDGE.— That a special district judge appointed to try a cause is a member of the legislature is no objection to his competency as judge.
2. INCOMPATIBLE OFFICES.— The objection to such special judge, made after his qualification as such, does not raise the question whether the office of special judge is one of emolument, or whether the two offices are incompatible.
3. JURY COMMISSIONERS.— The district court has power to appoint jury commissioners at any time to supply jurors necessary to the trial of causes before it.
4. SAME.— But the more regular mode would be to reconvene the jury commissioners for the term, than to appoint a new commission.
5. CHALLENGE TO ARRAY.— Only the statutory causes can be argued to support a challenge to the array.
6. PLEADING — PAROL ADDITION TO WRITTEN CONTRACT.— A parol agreement that part of a sum of money promised to be paid in an obligation in writing could be discharged otherwise than in money, is not valid, and a plea of such fact was properly held insufficient as a defense in an action upon the obligation.
7. PLEADING — FRAUD.— An answer attacking a writing because given merely "as evidence of a settlement and not as evidence of indebtedness," it not appearing that the maker was ignorant of the terms of the writing, or that any fraud was used or mistake in obtaining it, was properly held insufficient.
8. EVIDENCE.— A subsequent parol agreement not executed nor performance tendered, for the settlement of part of a written obligation, would be insufficient as a defense.

APPEAL from Llano. Tried below before the Hon. A. W. Moursand, special district judge, appointed by the governor, instead of Hon. A. W. Cooley, judge of 33d judicial district.

Geo. Gilroy sued R. F. Roundtree, in the district court of Llano county, on the following writing, viz.: "$433.33. Due G. Gilroy, on demand, four hundred and thirty-three dollars and thirty-three cents, for work building stone fence. This July 5, 1879. R. F. ROUNDTREE."

Roundtree answered, 1. General demurrer to sufficiency of petition. 2. General denial. 3. That on the 1st day of May, 1877, appellee and appellant entered into a verbal contract, by which appellee was to build for appellant a certain stone fence at one dollar and fifty cents per rod, and to be paid for by appellant in two alternate land certificates, of six hundred and forty acres each, at $200 a piece, excepting that appellant was to pay appellee current or living expenses while at work; that under this contract appellee had worked, at irregular intervals, from May 1, 1877, to July 1, 1879; that appellee had built all of the fence, excepting four rods, and appellant paid him, at divers times, several sums of money. That on the 5th day of July, 1879, counting the whole of fence built,

and to be built, by appellee, the same at contract price amounted to $716; that taking from this sum $286.66, the amount of money paid by appellant to appellee, it left the sum of $433.33 that would be due to appellee on building the other four rods of fence. That on the 5th day of July, 1879, at the instance of appellee, appellant made the memoranda in writing sued on, but only as an evidence of how much would be due appellee on a settlement, and not as an evidence of indebtedness. That appellee, in order to get the written memoranda, took advantage of appellant and made false and fraudulent representations to him. That since the execution of the written memoranda, appellant had paid appellee $21.30, in taxes, due by appellee to tax collector, and one saddle and bridle, which was to go as a credit on said work. That subsequent to execution of the writing, appellee agreed to receive the two alternate land certificates, and give appellant a credit of $400; and appellant had ever been ready and willing to pay and deliver the same, and to pay the remainder in cash, if the four rods of fence were built. That the customary price for building a rock fence, for cash, would be one dollar per rod. That the consideration of the written memoranda had failed in fact, as the same was given for four rods of fence which appellee was to build, and he had failed and refused. The pleas were sworn to.

Appellee excepted to the special answer of appellant. 1. To any parol agreement prior to and contemporaneous with the written instrument to vary and contradict the same. 2. To the allegations of fraud charged against appellee. 3. To all allegations setting up a parol agreement after execution of written agreement, as same are vague, indefinite and uncertain.

Appellee, replying on the facts, pleaded general denial; special denial of any agreement after execution of written instrument; specially denied the allegations of fraud; specially denied failure of consideration; specially denied violating any contract made; that if he agreed to build the four rods of fence, the same was to be built where appellant's cow-pen was, and appellant was to remove the cow-pen and had failed to do so, though demanded by appellee to do so.

The court sustained the special exceptions of appellee as to the allegations in appellant's answer, setting up a prior verbal and parol agreement.

The court also sustained the special exceptions as to the allegations of fraud in the answer.

Objections were made to the special judge presiding, on the

ground that he was a member of the 17th legislature. The objection was overruled.

The defendant objected to the jury tendered, because the jurors had been selected by newly appointed jury commissioners, after the service by the jurors selected for the term. This objection was also overruled.

The rulings upon the testimony sufficiently appear in the opinion.

The jury found a verdict for Gilroy for $472.75.

Motion for new trial was overruled, and the defendant appealed.

*W. A. H. Miller* and *John Dowell*, for appellant.

I. The special judge, being a member of the legislature, was disqualified. State Const., art. 11, sec. 1; art. 3, secs. 1 and 2; art. 5; art. 16, secs. 1, 12 and 40; art. 3, sec. 24.

II. The court erred in overruling challenges to the array of the jurors, the jurors having been selected by commissioners improperly appointed and without authority of law. R. S., 3017, 3022, 3023.

III. The original contract was verbal — only part of it was reduced to writing; that part was simply an estimate of how many dollars' worth of work appellee had performed, and how much he was entitled to, but to be paid according to original contract. Where prior or contemporaneous verbal agreements form part of a written one, they are admissible or wherein explanatory. Hogan *v.* Crawford, 31 Tex., 634; Epperson *v.* Young, 8 Tex., 135; 1 Pasch. Dig., art. 7823, p. 658, and authorities there cited.

IV. The verbal contract prior to the due-bill was not contradictory of it, but explanatory and in harmony with it, and the written and verbal contract so set up by appellant as constituting one whole, alone gives the true contract between the parties.

V. The due-bill in this case is only an estimate of the amount due appellee for work, and is not such an instrument as excludes parol evidence to explain its meaning or even to add to its terms.

VI. Fraud vitiates all contracts, and if appellee obtained an undue advantage by reducing part of the contract to writing, by false representations, certainly it sets aside the due-bill. Melchette *v.* Zimmerman, 4 Tex., 75; Pasch. Dig., arts. 7901, 7902, 7903, p. 665.

*Jas. H. Burts*, for appellee.

I. If the office of special district judge and that of member of the legislature were incompatible, the acceptance of that of special judge would vacate the other. Biencourt *v.* Parker, 27 Tex., 562.

II. The district court has power in term time to appoint jury

commissioners to supply jurors at any time when needed.  R. S., art. 322.

III. The plea specified was rightly stricken out as not accompanied by any tender of the certificates referred to as the subject of the agreement sought to be pleaded.  Flint v. White, 24 Tex., 643; Smith v. Garrett, 29 Tex., 52, 53.

IV. The plea setting up fraud in obtaining the paper sued on was not sufficient in details.  Hendrix v. Nunn, 46 Tex., 148.

STAYTON, ASSOCIATE JUSTICE.— This action was brought by the appellee against the appellant, to recover upon the following instrument in writing:  "$433.33.  Due G. Gilroy, on demand, four hundred and thirty-three dollars and thirty-three cents, for work building stone fence.  This July 5, 1879.    R. F. ROUNDTREE."

The presiding judge having been of counsel, that fact being certified to the governor, A. W. Moursand was appointed special judge to try the cause.

When the case was called for trial, the appellant objected to the trial of the cause by the special judge, upon the ground that he was at the time a member of the 17th legislature.  The objection was overruled, and this is assigned as error.

It is unnecessary for us to consider whether a person appointed special judge can be said to hold an office of emolument or not; for if so, this would not prevent a person holding another civil office of emolument from accepting such appointment; nor is it necessary for us to determine the effect of being appointed to, and accepting, a new office incompatible with the former one.  Biencourt v. Parker, 27 Tex., 562.  The special judge was qualified to try the cause.

The jurors for the term of the court at which the cause was tried were selected for the second and third weeks of the court, at the beginning of the term, by jury commissioners then appointed, for some reason not shown by the record, they not having been selected at the preceding term; but the court continued in session longer than three weeks, and after that time the judge of the district appointed other jury commissioners, who selected jurors for the residue of the term, and upon a jury so selected being called to try this cause, the appellant challenged the array, upon the ground that the jury commissioners who selected the jurors were improperly appointed.  The challenge was overruled, and that action of the court is assigned as error.

If the court lasted longer than it was thought that it would when the first commissioners selected jurors, and it thereby became necessary to have other jurors than those first selected, it would have

been more regular to have reconvened the commissioners appointed at the first of the term, and for them to have selected such jurors as were necessary; but the course pursued was at most only an irregularity, from which it is not made to appear that the appellant suffered any injury.

If, from any cause, juries are not selected in the manner and at the time provided by the statute, the courts are not without power to provide juries for the trial of causes. R. S., 3022, 3056.

The statute provides how, and for what causes, a challenge to the array may be made. It provides that "any party to a suit which is to be tried by a jury, may, before the jury is drawn, challenge the array of jurors upon making it to appear that the officer summoning the jury has acted corruptly, and has willfully summoned jurors known to be prejudiced against the party challenging, or biased in favor of the adverse party." R. S., 3074. Neither of the grounds of challenge given by the statute were relied upon in this cause and none others exist, and the court did not err in overruling the challenge.

In the defendant's answer he pleaded that, prior to the making of the instrument sued upon, there was a parol agreement, by which it was agreed that $400 of the sum due should be paid with two alternate land certificates, each for six hundred and forty acres of land. To this part of the answer a demurrer was filed, and sustained, and this is assigned as error. There was no error in this ruling; for it is well settled that evidence of such prior or contemporaneous verbal agreements is not admissible to contradict, vary or add to a written contract. Self v. King, 28 Tex., 553.

The instrument evidenced a contract to pay a certain sum in money, and an agreement to pay in something else could not be shown.

Appellant further set up in his answer that the instrument sued upon was given merely " as evidence of a settlement, and not as an evidence of indebtedness. That plaintiff represented to defendant that he wanted said instrument sued on in plaintiff's petition not as an evidence of indebtedness from defendant to plaintiff, but as a memorandum of settlement, as plaintiff said, so he, plaintiff, could see how he stood."

A demurrer was also sustained to this, and that ruling is assigned as error. There was no error in this action of the court; for the appellant did not allege that he was ignorant of the contents of the instrument which he signed, and that such ignorance was caused by any fraud of the appellee, or by any mistake of either party.

Having executed the paper, it is the evidence of the intention of the parties; and in the absence of such averments as would annul that instrument, no evidence could be heard to show an intention different to that which the law declares from the terms of the paper; hence a pleading intended as the basis for such evidence was bad.

The appellant attempted to prove an agreement made subsequent to the execution of the instrument sued upon, by which the appellee agreed to receive the two land certificates as a payment of $400 on the debt sued upon. The appellee introduced evidence tending to show that no such agreement was ever made, and that issue was submitted to the jury and found against the appellant, and this would be conclusive of the question. Moreover, if such an agreement had been made, it would not defeat the action of the appellee, unless the appellant had delivered with proper conveyance the certificates, any more than the promise to pay money would defeat an action for the same if payment was not made.

It is unnecessary to consider any of the other assignments of error.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered May 9, 1882.

NOTE.— The jurisdiction to try civil causes had been withdrawn from the county court of Llano county before this suit was brought.