SEABROOK et al. v. FIRST NAT. BANK OF PORT LAVACA.   (No. 5788.)

(Court of Civil Appeals of Texas.  San Antonio. Feb. 7, 1917.)

1. BILLS AND NOTES ⬡⟾473 — DEFENSES — AGREEMENTS FOR PAYMENT.

In action by bank on note, an answer demanding accounting and alleging agreement of payee to deposit with plaintiff bank moneys realized upon sale of lands in which maker was interested, such moneys to be applied on note, *held* to state good defense as against general demurrer; such agreement being part of same transaction with the execution of the note, and not objectionable as tending to vary terms of note.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1503–1507, 1555.]

2. BILLS AND NOTES ⬡⟾459—ACTION—JOINDER—CROSS-DEFENDANTS.

In action by bank on note, where maker defended under agreement with payees for deposit with plaintiff bank of moneys realized from sale of lands out of which note was to be paid, the payees of such note were proper parties to be impleaded as cross-defendants.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1424–1433.]

Appeal from District Court, Calhoun County; W. W. McCrory, Judge.

Action by the First National Bank of Port Lavaca against L. Seabrook and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

See, also, 171 S. W. 247.

R. L. Daniel, of Victoria, for appellants. Wilson & Hamilton, of Port Lavaca, for appellee.

FLY, C. J. Appellee sued L. Seabrook and J. J. Randle on a promissory note for $1,-500. Appellants answered admitting the execution of the note, but further answered as follows:

"These defendants say that at the time of the execution of said note, prior thereto and subsequent thereto, that these defendants and W. C. Noble and Willett Wilson of Calhoun county, Tex., were engaged in the purchase, subdivision, and sale of several tracts of land situated in Calhoun county, Tex., and adjoining the town of Port Lavaca, Tex., portions of which are now known as Oak Grove Heights addition and the Groom's addition to said town; and also another tract consisting of 30¾ acres out of the A. Esparza grant, situated in said county, fully described in the deed from Wilson and Noble to Gottlieb Remmele and Minnie Remmele, dated May 30, 1912, and recorded in volume Y, pages 367 and 368, Deed Records of Calhoun county, Tex.

"That the note herein sued upon grew out of and is part of a transaction between these defendants, the said W. C. Noble and Willett Wilson, and the said First National Bank of Port Lavaca, which acted in said transaction by and through the said W. C. Noble, its cashier, and Willett Wilson, its president, which transaction was a part of and connected with the purchase, sale, subdivision, and development of said subdivisions and said lands above referred to.

"That after purchasing said lands and making considerable improvements and expenditures on the same in the subdividing and preparing the same for market and selling the same as town lots and otherwise, that the said Willett Wilson and W. C. Noble represented to these defendants that they owed the said Wilson and Noble the sum of $1,500, being their portion of the expenses incurred in making said improvements on said lands and in advertising and preparing said lands for sale, and the said Wilson and Noble presented the note herein sued upon to these defendants for their signature representing to them that they (defendants) were indebted to the said Wilson and Noble in said amount.

"That while said note appears as payable to the First National Bank of Port Lavaca, that as a matter of fact the same represents and was given for an indebtedness that the said Wilson and Noble claimed these defendants were due to them, and these defendants allege and believe that the same is still the property of and belongs to the said W. C. Noble and Willett Wilson, and that said bank in fact has no interest whatever therein.

"That after the acquisition of said property now constituting Grove Heights addition and the Groom's addition, and the 30¾-acre tract above referred to, and the conveyance of some portions thereof to the purchasers, the said W. C. Noble and Willett Wilson induced these defendants to convey said property to them, and in consideration of which they agreed to enter into a written contract showing the relation of all the parties to said property, as well as their interest therein, which contract they agreed to immediately execute, and said Wilson and Noble further agreed with these defendants that they would at a very early date, which is now long past, convey to these defendants a one-fourth undivided interest each in and to said property, which was in fact the interest owned by these defendants, and to which they were justly entitled.

"That at the time of the execution of said note, it was agreed between these defendants, W. C. Noble and Willett Wilson, acting for themselves, and said bank, which acted in said transaction by and through its president and cashier aforesaid, which was within the scope of their authority as such officers, that the proceeds of all the sales of lots or parcels of land situated in the Oak Grove Heights addition or the Groom's addition, or any parcel of land acquired by them and herein mentioned, should be deposited in the First National Bank of Port Lavaca in the name of J. J. Randle, special account, and all vendor lien notes and other securities received from such source and belonging to said parties should also be deposited and held by said bank in the same manner.

"And that all funds and notes which represented the proceeds of sales already made by these defendants or by said Wilson and Noble should also be deposited in said bank. And it was further agreed by and between all of said parties that the first money received from the sale of any of said lots or parcels of real estate should be deposited in said bank as aforesaid, and applied by said bank to the payment and discharge of the note herein sued on, and the said W. C. Noble and Willett Wilson, in whom the title to said property was vested by these defendants, agreed to undertake to see that said money and funds were so deposited and applied upon said note, and said bank agreed and accepted the promise and obligation and undertaking of the said Wilson and Noble to see that said moneys and funds were so deposited and applied upon the payment of said note as collected.

"These defendants say that said bank and the said W. C. Noble and Willett Wilson were parties to said agreement; that in fact said bank acted in the premises by and through the said Noble and Wilson, who were cashier and president respectively of said bank; and that said bank agreed to the arrangement made between these defendants and the said Wilson and Noble, and was a party to said agreement and arrangement.

"These defendants further say that said bank received the funds arising from the sale of various portions of said property, both moneys and vendor lien notes, which came into its hands after said agreement and understanding, and after the execution of said note and during the existence of said agreement and understanding and during the existence of the note herein sued upon, which moneys and notes are hereinafter more particularly set out.

"These defendants say that in pursuance to said agreement, there has been numerous sums of money and numerous vendor lien notes passed into the hands of the said Wilson and Noble who had agreed with these defendants and with said bank to deposit the same in said bank under the agreement hereinbefore set out, and these defendants believe and allege that said money was so received and deposited in said bank, and said notes received and collected by said bank, the same amounting to a large sum, the exact amount of which these defendants are unable to tell for the reason that the said Willett Wilson and W. C. Noble and said bank have handled and controlled the same and collected said notes, and have not rendered these defendants any account thereof, and have each failed and refused to account to these defendants for the same or render any account thereof to these defendants, and these defendants have no means of ascertaining the exact amount of money which has been collected and paid into said bank by the said Wilson and Noble, or collected by the said Wilson and Noble under and by virtue of the agreement aforesaid, to which said bank was a party."

A general demurrer was sustained to the answer, and the court rendered judgment for appellee for the amount evidenced by the note.

[1, 2] If the facts set out in the answer are true, a good defense was presented to the claim of appellee. The alleged agreement in no wise varied or sought to vary the terms of the note. It merely showed an

agreement of all the parties that Noble and Wilson would deposit with appellee sums to be obtained from the sale of certain lands, in which appellants owned an interest, and that the said sums were to be applied to the payment of the note. The deposits were made, but none of the money was applied to the debt. That money was a payment on the note under the agreement. Noble and Wilson were proper parties. Adams v. Bank, 178 S. W. 993. The answer may have been open to attack through special exceptions, which, however, we do not decide, but it was good as against a general demurrer. The agreement set up in the answer was a part of the same transaction with the execution of the note, and showed a good defense.

This is a second appeal of this case; the judgment on the former appeal having been reversed on account of the disqualification of the trial judge. 171 S. W. 247. The judgment from which this appeal was taken was rendered by a special judge.

The judgment is reversed, and the cause remanded.