**CHALK et ux. v. DAGGETT. (No. 417-3226.)**

(Commission of Appeals of Texas, Section B. Jan. 9, 1924.)

**1. Evidence ☞444(6)—Answer claiming parol contract that credits to be determined by future accounting were to be allowed on note before collection held to present no defense because an attempt to vary by parol.**

An answer to a petition on a note in usual form, after its maturity, that, at the time the note was made and delivered, there was a parol contract between the parties that the note should not be collectible until after they had had an accounting and that, upon such occurrence, it was to be paid wholly or partly in credits to be deduced from the accounting, and that the accounting had not yet occurred, *held* to present no defense, because it constituted an attempt by parol to vary the express, unconditional promise, contained in the writing, to pay a sum certain in money at a fixed future time.

**2. Homestead ☞164 — When abandonment shown, stated.**

Evidence of removal from a former to a new homestead, unaccompanied by evidence of an intention on the part of the head of the family to return to the old or make temporary his new residence, presents a case of abandonment of the homestead.

**3. Homestead ☞181½—Evidence held to make intention to abandon question for jury.**

In an action to foreclose a mortgage wherein the defense of homestead was interposed, evidence *held* to raise an issue of no intention to abandon the homestead.

**4. Homestead ☞213—Burden as to partition or designation of homestead, stated.**

In a suit to foreclose a lien, the burden is not on defendant, who claims a homestead, to bring about partition or designation, but is on plaintiff in his reply to the defense, in view of Rev. St. arts. 3785, 3786.

**5. Homestead ☞216—Issue of homestead held raised by pleading and evidence.**

In suit to foreclose a mortgage wherein the defense of homestead was interposed, an answer that defendant "always reserved said section of land, * * * and that she and her husband and their said children have used and enjoyed same as their homestead since the purchase thereof," and evidence of occupancy, *held* sufficient to let in the defense.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by John P. Daggett against J. W. Chalk and wife. Judgment for plaintiff was affirmed in part and reversed in part (204 S. W. 1057), and defendants bring error. Reversed, rendered, and remanded.

T. T. Bouldin, of Matador, and Bradley, Burns & Hiner and A. W. Christian, all of Fort Worth, for plaintiffs in error.

Bryan, Stone & Wade, of Fort Worth, for defendant in error.

STAYTON, J. John P. Daggett brought this suit against J. W. Chalk upon two promissory notes, and against him and his wife to foreclose a mortgage upon a section of land in Motley county. Chalk entered a general denial, and pleaded that, at the time each of the notes was given, he and Daggett entered into parol contracts whereby certain previous partnership affairs between them were to be settled by an accounting, the amounts found to be due Chalk, as a result, were to be credited on the notes, and the notes were not to be collected until the accounting was had. In order to define the first point involved in the case, it may be observed that the answer also pleaded that no accounting had been effected, averred certain amounts due to Chalk by Daggett arising out of the partnership affairs and by reason of a conversion of certain partnership property by Daggett, claimed some of the amounts as credits on, or by way of set-off against, the notes, and made appropriate allegations for an accounting. The conclusion of the answer contained a prayer for general relief. Plea in abatement by Daggett to the allegations of the answer for an accounting was overruled by the trial court, as were a general demurrer to the defensive matter,

and a special exception to allegations of one of the partnership credits averred to be allowable against one of the notes. But special exception to the allegation of conversion was sustained, upon the ground that it was misjoined, and special exception to the part of the answer alleging that the notes "were not to be paid," etc., was also sustained, upon the ground that the written contract could not be varied by parol. The latter ruling is the one now involved in the case. The Court of Civil Appeals decided (204 S. W. 1057) that it was correct.

The disposition of the exceptions in the light of the answer shows that all, except the misjoined, averments as to the allowance of credits on the notes, and as to the suit for accounting, were left undisturbed, and that those to the effect that the notes would not be collected until after an accounting was completed between the parties were, at least partially, excluded. The answer alleged consideration for each of the notes; and no question of want or failure of consideration is here raised or involved. No questions of fraud, accident, or mistake were pleaded, or are raised. While the allegations as to one of the notes could hardly be construed as being clearly to the effect that the agreement that was eliminated was oral, the case appears to have been tried below, and to be presented here in connection with the allegations of an oral agreement as to the other note, upon the theory and proposition that they were wholly to that effect. This view will be taken of them. A decision of the main point involved may be made without a discussion of the question of whether the plaintiffs in error, under the allegations which the trial court allowed to stand, were actually deprived of the defense involved in the special exception, and of whether, upon a view of the whole record, the ruling of the trial court probably caused the rendition of an improper judgment.

The proposition submitted by plaintiffs in error is somewhat broader than the ruling of the trial court went. It is that, where a note was not intended as a complete and final settlement of a whole transaction, the true amount owing from one party to the other not having been ascertained and an accounting being necessary to determine it exactly, allegation of an oral agreement for an accounting and the giving of proper credits on the note before it should be collected did not violate the rule against varying a written instrument by parol. They also argue that the true consideration of written contracts may always be established by parol.

They cite Allen v. Herrick, 55 Tex. Civ. App. 249, 118 S. W. 1157, and Hansen v. Yturria (Tex. Civ. App.) 48 S. W. 795, 796, for their main position. The excluded portions of the answer do not aver that the notes were intended as complete and final settlements of a whole transaction consist-ing partly of written, and partly of parol, contracts. It seems to be well settled, however, that in a case of the latter description, while the parol parts have been held to be enforceable independently of the written parts (Chapman v. Witherspoon [Tex. Civ. App.] 192 S. W. 281; 2 Elliott on Contracts, § 1633) or by way of cross-action (Hansen v. Yturria), or in a proper case by set-off (Allen v. Herrick), they cannot be offered as ordinary, nonactive, nonoffensive defenses to recovery upon the notes, where in conflict with the material and express obligations of the writings (2 Elliott on Contracts, §§ 1631, 1633; note 43 L. R. A. 473; Simkins on Contracts, p. 463; 10 R. C. L. 1035, 1036, 1038). One of the material, express, and unambiguous obligations of the notes sued on was payment on fixed future dates. Parol contracts for payment on condition of subsequent undated accounting, as here, would qualify and vary both the absolute obligations to pay and the definite dates of payment, and would therefore have no effect upon the writings. Saunders v. Brock, 30 Tex. 421; Shaw v. Lumpkin (Tex. Civ. App.) 241 S. W. 220; Key v. Hickman (Tex. Civ. App.) 149 S. W. 275; Security Life Ins. Co. v. Allen (Tex. Civ. App.) 170 S. W. 131; Hendrick v. Chase Furniture Co. (Tex. Civ. App.) 186 S. W. 277; Long v. Riley (Tex. Civ. App.) 139 S. W. 79; Ablowich v. Greenville Nat. Bank, 22 Tex. Civ. App. 272, 54 S. W. 794. Not even may time of payment arising by legal implication be altered by oral negotiations. Rockmore v. Davenport, 14 Tex. 602, 65 Am. Dec. 132.

Allen v. Herrick, cited by plaintiffs in error, was a case where a note was given for a past-due debt, estimated at $3,640.20; whereas, the real debt for which it was given was only $2,140.20. To the extent of $1,500, the answer claimed a partial absence of consideration moving from payee to payor. As is usual with promissory notes, that phase or side of the consideration was not expressed or mentioned in the writing. It was also a case in which an account, that "may have been an unliquidated demand," was sought to be established as a set-off against the note and in which an application of set-off, as permitted in equity, was made. Much, if not all, of the reasoning which apparently conflicts with the opinion of the Court of Civil Appeals in this case, may be attributed to a showing of the necessary elements allowing set-offs in equity (see Simkins on Equity, 843–847, and 24 R. C. L. 857); to a misapprehension of the holding in Nalle v. Gates, 20 Tex. 315, occasioned, manifestly, by the erroneous fourth paragraph of the syllabus of the latter case; and it may be gathered from a perusal of the cited Pennsylvania case, to an assumed presence of an element of fraud. It has been observed that, in the ruling in the present case, no silent consideration, want of consideration from payee, set-off, or fraud is involved. In some of these respects, also,

the present case differs from the Hansen Cases. In those cases a sufficient consideration, and the controlling one, there called a "defense" in the broader sense, was that damages for the breach of an oral contract which, with the note, was effected in settlement of a certain previous, extraneous controversy, could be the subject of counterclaim by defendant in a suit by plaintiff upon the note, as against an exception that an unliquidated demand could not be set off against a liquidated demand. The ruling below involved neither a counterclaim nor, if precisely examined, a settlement of a previous, extraneous controversy.

As to the allegation in the answer of plaintiff in error to the effect that Daggett knew he was indebted to Chalk in greater amount than that of the smaller note and that the note was given to obviate a threatened execution by a judgment creditor of both parties, it may be observed that, if the excluded defense should be viewed as asserting a contemporaneous oral obligation that the note would not be payable at all, it would be subject to the same principle applicable to a conditional payment, emphasized in extent but not in quality. Dolson v. De Ganahl, 70 Tex. 620, 8 S. W. 321. The force of a written contract may not ordinarily be "destroyed" by a contemporaneous parol agreement. Lanius v. Shubor, 77 Tex. 24, 13 S. W. 614; Roundtree v. Gilroy, 57 Tex. 176.

The suggestion, upon the basis of Clayton v. Western National, etc., Co. (Tex. Civ. App.) 146 S. W. 695, and Watson v. Rice (Tex. Civ. App.) 166 S. W. 106, that the obligation to pay that is contained in a promissory note may be varied by parol agreement, because such an agreement constitutes a part of the consideration, is thought to be erroneous. A written promise to perform in the future, whether by money or in services, is a contractual consideration which, unlike one that is not mentioned or is mentioned merely as a receipt or by way of acknowledgment of something performed in the past, cannot be set aside on any different principle from that applicable to other material future undertakings expressed and defined by the written contract. Matheson v. C-B Live Stock Co. (Tex. Civ. App.) 176 S. W. 734; Luckenbach v. Thomas (Tex. Civ. App.) 166 S. W. 102, 10 R. C. L. 1045; Simkins on Contracts, pp. 457–460.

Clayton v. Western National Bank has been limited, by the judge who wrote it, to accord with the above views, in the thoroughly considered case of Matheson v. C-B Live Stock Co., above cited. The same learned judge, meanwhile, had written the opinion in Watson v. Rice, which, in addition to what appears to be largely adverse dicta upon the point, has in it an element of fraud inseparable from the other. Allegation of fraud is not to be found in the case at bar.

Seabrook v. First National Bank of Port Lavaca (Tex. Civ. App.) 192 S. W. 314, Allen v. Herrick Hdw. Co. and Hansen v. Yturria, already noticed; and Wigmore on Evidence, §§ 2443, 2444, cited by plaintiffs in error for the proposition that a parol, contemporaneous agreement as to future allowance of credits upon a note are enforceable, should not rule this case. The Seabrook Case contains adverse opinion. But it may be viewed as really involving a defense of payments made upon the note after its execution, instead of one involving the defense, as here, of a parol agreement made contemporaneously with the note and looking to possible credits to be given in the future after the performance of an accounting. The payments were in that case made for payor by third parties under a previous, parol contract with them. While this previous, parol contract was contemporaneous with the note and the payee of the note, a bank, appears also to have been a party to it, the payments may be worked out even though the bank be eliminated as a party and be held in merely as payee of the note and of the executed payments upon it. Nothing said in the present opinion is thought to be at variance with Prof. Wigmore's text, above cited.

A parol contract to allow credits, entered into after the execution and delivery of a promissory note, would, in a suitable case, be admissible. Nalle v. Gates, 20 Tex. 315. On the other hand, such a contract entered into contemporaneously and, moreover, as here, providing for credits, not by payment of money but by means of balances to be ascertained by a collateral accounting as a condition precedent, cannot affect the obligation of the note, which because in writing, absorbs all relevant and basic oral negotiations or agreements occurring up to the time of its delivery and requires unconditional payment in dollars. Roundtree v. Gilroy, 57 Tex. 176; Bailey v. Rockwall County Nat. Bank (Tex. Civ. App.) 61 S. W. 530; Standard Wagon Co. v. Roberts (Tex. Civ. App.) 26 S. W. 246; 2 Elliott on Contracts, §§ 1626, 1628.

Plaintiffs in error also cite two cases holding that a note cannot be collected if its execution is accompanied by a parol contract which provides that it shall not become effective as an obligation until the happening of a stipulated event. Merchants' National Bank v. McAnulty (Tex. Civ. App.) 31 S. W. 1091; Baines v. Kohler & Campbell (Tex. Civ. App.) 201 S. W. 735. These cases are grounded upon the view that such an agreement does not vary or affect the contract, but prevents the formation of a contract, by avoiding the essential element of "delivery" until the condition occurs. In the present case, however, the answer alleges, not only that the note involved in this point was delivered but that it was given, and was intended to be endorsed, to a bank in order to obtain money to pay off a judgment against

the parties, and that thereafter, according to the contemporaneous agreement, it was only to be paid upon condition, or, it may be, was not to be paid at all. This final contention of plaintiff in error against the sustaining of the special exception would therefore seem to be inadmissible.

[1] From what has been said the holding, here, upon the rulings of the Court of Civil Appeals and of the trial court, as to each of the notes, will be summarized as follows: Answer to a petition upon a promissory note in usual form, after its maturity, that, at the time the paper was made and delivered, there was a parol contract between the parties to the effect that it should not be collectible until after they had had an accounting, and, upon such occurrence, was to be payable wholly or partly in credits to be deduced from the accounting, and that the latter event had not yet occurred, presented no defense; because it constituted an attempt by parol to vary the express, unconditional promise, contained in the writing, to pay a sum certain in money at a fixed future time.

The suit, beside being for recovery upon the two promissory notes, was for the foreclosure of a deed of trust, given for their security, upon a section of land in Motley county. The defense against the lien was homestead.

The Court of Civil Appeals affirmed the judgment for recovery upon both notes and for foreclosure of the mortgage against the section as to the smaller note, but reversed, as to foreclosure for the satisfaction of the larger note, upon grounds not related to the questions to be examined here. No complaint is made by defendant in error of the part of the judgment that was reversed. But complaint is made by his opponents that, in view of the fact that the trial court gave a peremptory instruction and that there was evidence that the section was homestead at the time the lien was given, the judgment of foreclosure should have been entirely reversed.

[2] There was abundant testimony that plaintiffs in error had moved off the section and had acquired a home in the town of Matador seven years before the lien was given, had meanwhile removed the dwelling from the section onto other land, and, some three years before the date of such lien, had acquired a substantial home in the town of Roaring Springs. Moreover, the deed of trust recited that the section was not homestead. The evidence is conclusive that the family had not resided on the section for seven years. The pleadings do not develop an issue of estoppel; but, with these facts standing alone and unexplained, the trial court would have been justified in taking the question from the jury. There cannot be two homesteads. Evidence of removal from a

former to a new homestead, unaccompanied by evidence of an intention on the part of the head of the family to return to the old, or make temporary his new, residence, presents a case of abandonment. Bell v. Crabb (Tex. Com. App.) 244 S. W. 371.

But there is also testimony in the record on the part of Chalk and wife that Mrs. Chalk acquired the land in 1894 as a home section, that they desired to keep it as a homestead, that they lived upon it as such for many years, that she and Mr. Chalk were back and forth from Matador to the place during their residence at that town, moved to town "just for the purpose of schooling" their children, occupied the section "all the time" they were not living "in town to school the children," were claiming the section as a home when Daggett visited Chalk some three years before the execution of the mortgage, and always claimed the section "for a homestead" and "never claimed anything else." Daggett's attorney, moreover, at the trial, elicited from Chalk testimony to the effect that the "homestead" was located upon the section at the time of the execution of the deed of trust. The mortgage recited, and one witness testified, that the town of Roaring Springs is upon the land in controversy. There is testimony that Chalk at some indefinite time had a "ranch" at Roaring Springs. He also testified that he engaged in the business of feeding cattle, but the location of his outfit for that purpose is not shown.

[3] These facts were some evidence contrary to the theory of abandonment. If the residences in town were solely for the purpose of schooling the children, it is a fair inference that they were temporary and that their acquisition involved no intention to abandon the old homestead; and, if the section was acquired to be kept as a homestead, for many years was so used, and, to the exclusion of all other property, was always claimed as a homestead, it is a fair inference that there was an intention to return to it. If the head of the family was honest, this was a very reasonable inference. The decisions in Texas, almost without exception, concede, and never in any case that has been here cited or found deny, that, though the head of the house may move with the family to another place of abode and may acquire title to it, still, if the new homestead is temporary, the former homestead is not abandoned. The general rule in other states seems to be to the contrary. 29 Cyc. 944; 13 R. C. L. 654. But there is strong dicta in favor of the point. Gouhenant v. Cockrell, 20 Tex. 96; Thomas v. Williams, 50 Tex. 269; Cline v. Upton, 56 Tex. 319; Foreman v. Meroney, 62 Tex. 723; Reinstein v. Daniels, 75 Tex. 640, 13 S. W. 21. And in this state it has been directly decided. Baum v. Williams, 16 Tex. Civ. App. 407, 41 S. W.

840 (writ refused); Speer on Marital Rights, §§ 420 and 422. The Supreme Court has, moreover, decided that intention, on the question of abandonment, is the sole criterion, and that each homestead case must be decided upon its "own peculiar state of facts." Cameron v. Gebhard, 85 Tex. 610, 22 S. W. 1033, 34 Am. St. Rep. 832; Cline v. Upton, supra. There would seem to have been an issue upon the question of intention in the present case.

The instructed verdict should therefore not have been given unless for another reason.

[4, 5] The Court of Civil Appeals held that there was neither pleading nor evidence identifying the part of the section that was homestead, and that therefore the defense was not sustained. However, both the answer and the evidence indicate that it could not be identified but that the whole section was used as a homestead. The former alleged that Mrs. Chalk "always reserved said section of land, * * * and that she and her said husband and their said children have used and enjoyed same as their homestead since the purchase thereof." The direct evidence on the question was from Chalk, who testified with regard to the section, "My wife and I have occupied it all the time we haven't lived in town to school the children," and that the section was "the old home place." A fair construction of both these and others parts of the answer and the testimony shows that the entire tract was used as a homestead and that as definite a description was given as the facts actually permitted. In such a case, while the rule may, or may not, be otherwise when "equity" must be offered by one seeking injunction against execution upon his homestead (Ellis v. Harrison, 24 Tex. Civ. App. 13, 56 S. W. 592, 57 S. W. 984), in a suit to foreclose a lien, the burden is not upon the defendant, who claims homestead, to bring about partition or designation, but it is upon the plaintiff, in his reply to the defense; the underlying principle appearing to be that "the purpose of the statute is to protect the homestead," while "the quantity and value are limitations upon it when established." Hargadene v. Whitfield, 71 Tex. 482, 9 S. W. 475; R. S. arts. 3785, 3786; Fitzhugh v. Connor, 32 Tex. Civ. App. 277, 74 S. W. 83; Gibbs v. Mayes, 2 Posey, Unrep. Cas. 215. It must be concluded that, in the case at bar, there was sufficient pleading and evidence to let in the defense of homestead.

All of the questions presented by the application and briefs have been discussed. We recommend that, as to the issues involving the lien and the foreclosure of the lien, the judgment of the Court of Civil Appeals (except as to the part of it partially reversing the judgment of the trial court) should be

reversed, and the cause remanded for trial in the district court, but that in all other respects it should be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and judgment rendered for defendant in error for the amount of the notes sued on, and the cause remanded to the district court to determine all the issues between the parties relative to the foreclosure of the deed of trust lien.